## JACOB SCHMIDT BREWING CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.    November 27, 1918.)

### No. 5128.

INTOXICATING LIQUORS ⊗⇒138—INTERSTATE COMMERCE—BRANDING OF LIQ-
UOR—SHIPMENTS.

Where defendant made interstate shipments of beer, and the only ex-
ternal marks indicating the nature of the packages were the name of
the defendant brewing company, the trade-name, "Select," and a serial
number, etc., *held*, that defendant was guilty of violation of Criminal
Code, § 240 (Comp. St. 1916, § 10410), prohibiting the interstate shipment
of liquors, unless the package be plainly labeled on the outside, etc.; the
fact that the nature of the contents might have been inferred or learned
from other sources being immaterial, etc.

In Error to the District Court of the United States for the District
of North Dakota; Charles F. Amidon, Judge.

The Jacob Schmidt Brewing Company, a corporation, was convicted
of violating Criminal Code, § 240, and it brings error.    Affirmed.

Halvor L. Halvorson, of Minot, N. D. (James Manahan and Paul
G. Bremer, both of St. Paul, Minn., on the brief), for plaintiff in error.

John Carmody, Asst. U. S. Atty., of Fargo, N. D. (M. A. Hildreth,
U. S. Atty., of Fargo, N. D., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and WADE, District
Judge.

HOOK, Circuit Judge.    The Jacob Schmidt Brewing Company was
convicted of violating section 240 of the Criminal Code (Act March 4,
1909, c. 321, 35 Stat. 1137 [Comp. St. 1916, § 10410]), which pro-
hibits the shipment of intoxicating liquors in interstate commerce un-
less the package or container "be so labeled on the outside cover as
to plainly to show the name of the consignee, the nature of its con-
tents, and the quantity contained therein."

What defendant did was this: It shipped certain packages contain-
ing beer from St. Paul, Minn., to customers in Minot, N. D., on which
the only external marks indicating the nature of the contents were,
"Return to Jacob Schmidt Brewing Co.," with street address in St.
Paul; the trade-name "Select"; and "Serial No. 33."    The name of
defendant and the trade-name it adopted for its product may be put
aside.    An inference might, perhaps, be drawn from them by some
persons that the packages contained beer, instead of a nonintoxicating
beverage, but the act of Congress has not left the matter to such in-
conclusive inferences.    Nor is defendant in any better position with
its expression, "Serial No. 33."    It appears that defendant's "Select"
beer, so called, was registered with officials of North Dakota under
a pure food law of that state, and that the designation "Serial No. 33"
was assigned to it.    But that was done merely for the local purposes
of the state law.    It was not designed to give a new or additional
name to a well-known article, when outside the purview of that law or
in relations with which that law had no concern.

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Defendant invokes the rule that that is certain which can be made certain. The rule does not apply to a case like this. The act of Congress says that the nature of the contents of the package shall be plainly shown and shown on the outside cover. The requirement is a definite one, very easily complied with. It means that the marks must be of manifest, self-evident import, and must appear at the place indicated. It clearly excludes the idea of reference elsewhere for information, or of a general knowledge of the trade-names or brands adopted by particular merchants for their business, which have not gained a place in the common vocabulary of the country. What has been said also precludes resort to bills of lading issued by the carrier.

The judgment is affirmed.