## UNITED STATES v. DUNNE.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1909.)

No. 1,670.

1. CRIMINAL LAW (§ 1192*)—APPEAL AND ERROR—PROCEEDINGS ON MANDATE.

Where, upon the death of a defendant in a criminal case in a federal court pending proceedings in error in the Supreme Court to review a judgment of conviction, the writ of error was dismissed and the cause was remanded for such further proceedings as "according to right and justice and the laws of the United States ought to be had," on the filing of such mandate the jurisdiction of the trial court reattached, and continued until action was taken pursuant to the mandate, and the court had authority to consider and act upon a motion in abatement.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1192.*]

2. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—APPELLATE JURISDICTION—DECISIONS REVIEWABLE.

An order of a Circuit Court of the United States declaring a judgment in a criminal action abated by reason of the death of the defendant after the entry of the judgment is in an independent proceeding of a civil na-

ture. and reviewable on writ of error by the Circuit Court of Appeals at the instance of the United States.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

3. Fines (§ 17½*)—Death of Defendant After Judgment—Abatement of Cause.

A judgment entered against a defendant convicted under Rev. St. § 1782 (U. S. Comp. St. 1901, p. 1212), which provides that any person violating the same shall be deemed guilty of a misdemeanor and shall be imprisoned and fined, is wholly penal, and the death of the defendant after judgment and while the case is pending in an appellate court on writ of error operates to abate the entire cause of action, and the fine is not collectible from the defendant's estate.

[Ed. Note.—For other cases, see Fines, Cent. Dig. § 2701; Dec. Dig. § 17½.*]

In Error to the Circuit Court of the United States for the District of Oregon.

For opinion below, see 163 Fed. 1014.

In February, 1905, John H. Mitchell, then a United States Senator from the state of Oregon, was indicted by the grand jury for the district of Oregon for a violation of section 1782 of the Revised Statutes of the United States for agreeing to receive and receiving from one Frederick A. Kribs compensation for services rendered in appearing before the Commissioner of the General Land Office for the purpose of persuading the Commissioner to make special, expedite, and approve certain fraudulent applications and claims for tracts of public lands in the state of Oregon, in which the said Kribs was interested. The indictment contains seven counts, each alleging in substance that Mitchell, while a Senator of the United States, had accepted and received from Kribs various amounts set forth in the separate counts in payment for services rendered in appearing before the Commissioner of the General Land Office with relation to the applications, proceedings, claims, matters, and things in which the United States was directly interested. On this indictment Senator Mitchell was tried before a jury in the Circuit Court for the district of Oregon and found guilty. On the verdict as rendered by the jury the court, on July 25, 1905, entered a judgment that the defendant pay a fine of $1,000. and that he be imprisoned for a term of six months. Thereupon Senator Mitchell gave a supersedeas bond, and on July 29, 1905, sued out a writ of error from the Supreme Court of the United States. While the writ of error was pending in the Supreme Court, Senator Mitchell died. This fact being suggested to the court by counsel, the writ of error was dismissed by the court, and a mandate issued to the Circuit Court "that such proceedings be had in said cause as according to right and justice. and the laws of the United States, ought to be had, the said writ of error notwithstanding." This mandate was filed in the Circuit Court on August 15, 1906, but no proceedings were had thereon until July 11, 1907, when David M. Dunne, the defendant in error, and the duly appointed and qualified administrator of the estate of John H. Mitchell, filed a motion, supported by his affidavit, praying for an order declaring the entire proceedings in the cause abated by reason of the death of the defendant. and for the cancellation of the fine imposed upon the defendant, together with the entry thereof in the judgment docket, and declaring the same to be no longer of any validity. The motion was granted. and a judgment entered accordingly. To this judgment the United States prosecutes the present writ of error.

John McCourt, U. S. Atty.
Bauer & Greene, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above).   In United States v. Pomeroy (C. C.) 152 Fed. 279, the defendant was convicted of giving rebates in violation of the interstate commerce act and its amendments, and sentenced to pay a fine.   The defendant died after judgment and before the fine was paid.   It was held by the Circuit Court that the judgment and entire proceedings abated on the death of the defendant, and it was not a claim enforceable against his personal representatives.   An order was entered accordingly.   The case was taken to the Circuit Court of Appeals for the Second Circuit upon writ of error, where the order was reversed upon the ground that when the order was entered the court had lost control of the judgment.   The term in which the judgment was entered had expired before any proceedings in abatement had been taken.   When, therefore, the court in a subsequent term made the order abating the judgment and all proceedings thereon, it had no power to make the order, and its action in making the same was held to be erroneous.

It is suggested on behalf of the United States that the same question arises in this case; that the judgment against Mitchell was entered on July 25, 1905, and the term in which the judgment was entered terminated on the first Monday of October, 1905, and the motion to abate the judgment was not entered until June 11, 1907.   But the writ of error and supersedeas bond stayed the execution of the judgment and removed the record into the Supreme Court of the United States.   Such proceeding, under section 1007 of the Revised Statutes, operated to suspend the execution of the judgment of the Circuit Court pending the writ of error in the Supreme Court and until the case was there determined or remanded.   The Slaughter-House Cases, 77 U. S. 273, 291, 19 L. Ed. 915.   Upon the death of the defendant and the suggestion of that fact to the Supreme Court by counsel, the writ of error was dismissed and the cause remanded to the Circuit Court, with direction "that such proceedings be had in said cause as according to right and justice, and the laws of the United States, ought to be had."   When this mandate was filed in the Circuit Court on August 15, 1906, the jurisdiction of that court reattached, and continued until action was had in accordance with the direction of the mandate.   Such action was had in due course of procedure, and resulted in the judgment now before this court.   The expiration of the term after the entry of the original judgment did not, under the circumstances, deprive the Circuit Court of jurisdiction to act upon the mandate; nor did the expiration of the term in which the mandate was received operate to deprive the court of jurisdiction to enter a judgment in accordance with its direction, when the proceedings thereon in due course required such action.   It follows that the Circuit Court had jurisdiction to enter the judgment now under consideration.

The defendant in error moves the court to dismiss the writ of error for want of jurisdiction, on the ground that this is a criminal case, and no right has been conferred by law upon the United States to obtain a review of a judgment in such a case by writ of error from this court.   In United States v. N. Y. Cent. & H. R. R. Co., 164 Fed.

324, 90 C. C. A. 256, the Circuit Court of Appeals passed upon this identical question, and held that an order of the Circuit Court declaring a judgment in a criminal action abated by reason of the death of the defendant after the entry of the judgment was an independent proceeding of a civil nature, which might be reviewed in the Circuit Court of Appeals at the instance of the United States upon writ of error. In discussing the question of jurisdiction the court there said:

"At the outset the defendant contends that the government has no right to proceed in this way; that a writ of error can be sued out by the United States in a criminal case only to the Supreme Court, and to that court only in particular instances. The right of the government may be so limited in criminal cases. But this is not a criminal case. The issue in the criminal proceedings was the guilt of the accused. That issue had been terminated before these proceedings were instituted. Indeed, the very occasion for these proceedings was the closing of the criminal case by the rendition of the judgment. Instead of being criminal in their nature, these proceedings constitute, in effect, a civil suit by the representative of Mr. Pomeroy's estate to relieve it from the payment of the judgment, for a cause wholly apart from the question of his guilt or innocence. The contention that the United States has no standing to prosecute this writ is, therefore, not well founded."

We concur in that view. The words "criminal case" apply to proceedings in a court against an accused person charged with doing something forbidden, who, if found guilty, is punished. Bessette v. W. B. Conkey Co., 194 U. S. 324, 326, 24 Sup. Ct. 665, 48 L. Ed. 997. The present proceeding in abatement of judgment is not against an accused person charged with a crime, nor is an accused person a party to the proceeding. The judgment is against the person of John H. Mitchell; but no further proceeding can be had against him. The power of the court to enforce its judgment against him is at an end. The question of the civil liability of the estate of John H. Mitchell upon the judgment must, therefore, be a civil case, as distinguished from a criminal case. It follows that this court has jurisdiction over the writ of error.

The remaining question is whether the cause abated by the death of the defendant. In a criminal case the death of the accused after judgment, and while the case is pending in the appellate court upon writ of error, operates to abate the cause. List v. Pennsylvania, 131 U. S. 396, 9 Sup. Ct. 794, 33 L. Ed. 222; Menken v. Atlanta, 131 U. S. 405, 9 Sup. Ct. 794, 33 L. Ed. 221. In Schreiber v. Sharpless, 110 U. S. 76, 3 Sup. Ct. 423, 28 L. Ed. 65, the Supreme Court said:

"The personal representatives of a deceased party to a suit cannot prosecute or defend the suit after his death, unless the cause of action, on account of which the suit was brought, is one that survives by law. Rev. St. § 955 (U. S. Comp. St. 1901, p. 697). At common law actions on penal statutes do not survive (Com. Dig. tit. "Administration," B, 15), and there is no act of Congress which establishes any other rule in respect to actions on the penal statutes of the United States. The right to proceed against the representatives of a deceased person depends, not on forms and modes of proceeding in a suit, but on the nature of the cause of action for which the suit is brought. If the cause of action survives, the practice, pleadings, and forms and modes of proceeding in the courts of the state may be resorted to in the courts of the United States for the purpose of keeping the suit alive and bringing in the proper parties. Rev. St. § 914 (U. S. Comp. St. 1901, p. 684). But, if the cause of action dies with the person, the suit abates and cannot be revived. Whether an action survives depends on the substance of the cause of action, not

on· the forms of proceeding to enforce it.　As the nature of penalties and forfeitures imposed by acts of Congress cannot be changed by state laws, it follows that state statutes, allowing suits on state penal statutes to be prosecuted after the death of the offender, can have no effect on suits in the courts of the United States for the recovery of penalties imposed by an act of Congress."

The rule that a statutory penalty merged in the judgment becomes a debt, and may be recovered from the estate of the judgment debtor, does not apply in this case.　The indictment was under section 1782 of the Revised Statutes (U. S. Comp. St. 1901, p. 1212), providing that every person offending against the statute should be deemed guilty of a misdemeanor, and should be imprisoned and fined.　The verdict of the jury was guilty.　The judgment imposed a punishment of a fine and imprisonment as provided by the statute.　This judgment is before us, and is made the basis of the claim of the United States against the estate of the defendant.　For the present purpose it is an indivisible judgment and wholly penal.　It cannot be separated into parts, and one part kept alive as an indemnity, while the other, as a penalty, perishes with the death of the defendant.　"Upon the face of the record, the action arises ex delicto; and all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender.　3 Bac. Abr. 539."　United States v. Daniel, 47 U. S. 13, 12 L. Ed. 323.　The entire cause of action abated upon the death of the defendant.　List v. Pennsylvania, supra; Menken v. Atlanta, supra.

The judgment of the Circuit Court is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes