PIM BOYD v. STATE.

No. A-444.  Opinion Filed April 26, 1910.

(108 Pac. 431.)

1.    ABATEMENT—Death of Defendant. In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

2.    FINES—Death of Defendant — Abatement of Prosecution.  A judgment of conviction against a defendant pending on appeal to the Criminal Court of Appeals is abated by the death of the defendant, and cannot be enforced against his personal representative.

(Syllabus by the Court.)

*Appeal from Pottawatomie County Court; E. D. Reasor, Judge.*

Pim Boyd was convicted of an illegal sale of liquor, and brings error.  Order that the proceedings abate.

*T. G. Cutlip*, for plaintiff in error.
*Fred S. Caldwell*, for the State.

DOYLE, JUDGE.    Plaintiff in error was convicted in the county court of Pottawatomie county for a violation of the prohibition law and sentenced to pay a fine of $200 and costs and be confined for 30 days in the county jail, and, failing to pay said fine and costs, that he be further so confined one day for each dollar thereof.  From which judgment he appealed by filing in this court November 25, 1909, his petition in error with case-made attached.

Since the appeal was taken, and before the final submission of the cause, to wit, February 22, 1910, he departed this life.  His death having been suggested, the proceedings abate, and no decision upon the merits of the appeal will be rendered.  A civil action does not abate by the death of a party if the cause of action survive or continue, but in a criminal action the sole purpose of the proceedings is to enforce the criminal law and punish the person found guilty of a violation thereof.  The personal representative of the deceased is not responsible for the alleged violation of the law by the defendant during his lifetime, and cannot be required to satisfy the judgment rendered against him.  It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject matter upon which it can operate has ceased to exist.  *O'Sullivan v. People,* 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143; *Herrington v. State,* 53 Ga. 552.  In each of these cases the defendant died after the cause had been submitted to the appellate court for decision, and the right to continue them in the name of a personal representative of the deceased was denied; the courts refusing to proceed further in the matter or pronounce any decision in the case.

In the case of *March v. State,* 5 Tex. App. 450, the court said:

"We are of opinion, then, that in a criminal prosecution, when the accused has taken an appeal in the manner prescribed by law, the proceeding is still pending and undetermined until the appeal shall have been decided; and that, in case the appellant die whilst the appeal is pending and undetermined, the prosecution

or the criminal action does not survive, but, on the death of the appellant pending the appeal, the posecution abates *in toto,* whatever be the judgment appealed from."

In a criminal action the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered that the proceedings in this action do abate, and it is so ordered.

.FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.