## T. I. SHARP v. STATE.

No. A-2561.   Opinion Filed January 13, 1917.

(161 Pac. 1178.)

1.   **ABATEMENT OF PROSECUTION—Death.**  In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

2.   **FINES—Death—Abatement.**  Where the defendant,. after having been convicted, appeals from a judgment imposing a fine and imprisonment, and dies pending his appeal from the judgment, the proceedings abate, and the fine cannot be enforced against his estate.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

T. I. Sharp was convicted of a violation of the prohibitory law, and he appeals.   Judgment abated because of death of defendant.

*Redmond S. Cole,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error, T. I. Sharp, was convicted in the county court of Pawnee county of a violation of the prohibitory law, and his punishment fixed at a fine of $50 and costs and confinement for 30 days in the county jail; failing to pay said fine and costs, that he be further so confined until the same are satisfied as by law provided.   From the judgment rendered on the verdict he appealed by filing in this court on October 14, 1915, a petition in error with case-made. On September 4, 1916, while his appeal was pending and awaiting decision before this court, he departed this life.   His counsel of record have filed a motion to abate the proceedings.

In the case of *Boyd v. State,* 3 Okla. Cr. 684, 108 Pac. 431, it is said:

"In a criminal action, the sole purpose of the proceedings is to enforce the criminal law and punish the person found guilty of a violation thereof. The personal representative of the deceased is not responsible for the alleged violation of the law by the defendant during his lifetime, and cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it, can operate has ceased to exist."

And see *United States v. Dunne,* 173 Fed. 254, 97 C. C. A. 420, 19 Ann. Cas. 1145.

In a criminal action the purpose of the proceedings being to punish the defendant in person, the action must necessarily abate upon his death. It is therefore considered and adjudged that the proceedings in the above-entitled cause, and especially under the judgment therein rendered, have abated, and that the county court of Pawnee county enter its appropriate order to that effect.

ARMSTRONG and BRETT, JJ., concur.