## WICK ALEXANDER v. STATE.

No. A-3212.   Opinion Filed March 30, 1919.

1. **ABATEMENT OF PROSECUTION—Death of Accused.** In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

2. **SAME—Death Pending Appeal—Collection of Fine.** Where the defendant, after having been convicted, appeals from the judgment imposing a fine and imprisonment, and dies pending his appeal from the judgment, the proceedings abate, and the fine cannot be enforced against his estate.

*Appeal from County Court, Ottawa County;*
*N. C. Barry, Judge.*

Wick Alexander, convicted of a violation of the prohibitory liquor law, appeals. Ordered that proceedings abate.

*Towne, Swarts & Towne,* for plaintiff in error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error was convicted in the county court of Ottawa county of a violation of the prohibitory liquor law and his punishment fixed at a fine of five hundred dollars and confinement for ninety days in the county jail. To reverse the judgment he appealed by filing in this court on November 30, 1917, a petition in error with case-made.

His counsel of record suggest the death of the plaintiff in error and have filed a motion to abate the proceeding.

In the case of *Boyd v. State,* 3 Okla. Cr. 684, 108 Pac. 431, it is said:

"In a criminal action, the sole purpose of the proceedings is to enforce the criminal law and punish the person found guilty of a violation thereof. The personal representative of the deceased is not responsible for the alleged violation of the law by the defendant during his lifetime, and cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist."

And see *United States v. Dunne,* 173 Fed. 254, 97 C. C. A. 420, 19 Ann. Cas. 1145.

In a criminal action, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death. It is therefore considered, ordered, and adjudged that the proceeding in the above entitled cause, and especially under the judgment therein rendered, has abated, and that the county court of Ottawa county enter its appropriate order to that effect.

ARMSTRONG and MATSON, JJ., concur.