THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHARLES ROGAS, Defendant.

County Court, Kings County, October 9, 1936.

*Ella Bernard,* for the motion.

*William F. X. Geoghan, District Attorney* [*George Palmer* of counsel], appearing but not opposing.

FITZGERALD, J.   Two indictments for murder in the first degree were found against the defendant in September, 1935.   The indictments were numbered 12,884A and 12,884B.

He was tried upon indictment 12,884B and convicted.   The judgment was affirmed by the Court of Appeals (272 N. Y. 473), and he has been electrocuted.

A motion is now made by counsel assigned to represent defendant on the trial of the other indictment for its dismissal.

Upon argument of the motion it was frankly stated that the motion was made on behalf of the assigned counsel as a basis for an allowance for services rendered in preparing for trial of the indictment.

The question to be determined is whether there is anything to be dismissed — whether the indictment survived the death of the person charged therein.

Section 5 of the Code of Criminal Procedure defines " the proceeding, by which a party charged with crime is accused and brought to trial and punishment   *   *   *   as a criminal action."

. Such an action is prosecuted in the name of the People of the State as plaintiffs against the party charged with crime; and such party is designated as the defendant.   (Code Crim. Proc. §§ 6, 7.)

The first pleading in such an action is an indictment; and the indictment must contain, among other averments, the names of the parties.   (Code Crim. Proc. §§ 274, 275.)

After an indictment is found the defendant therein is arraigned. (Code Crim. Proc. § 296.)

The defendant may then either demur or plead.   (Code Crim. Proc. § 321.)

Rogas was arraigned September 26, 1935, and pleaded not guilty. Having been electrocuted is there now any indictment?

By section 9 of article 1 of the Constitution of the United States the various States of the Union are prohibited from passing bills of attainder or ex post facto laws.

In O'Sullivan v. People (144 Ill. 604; 32 N. E. 192) a defendant was convicted on a trial, and sued out a writ of error.   He died before the appellate court rendered a decision.   The court decided that the writ abated upon the death of the defendant.

" Since our Constitution," the court said, " provides that ' no conviction shall work corruption of blood or forfeiture of estate ' (Const., art. 2, sec. 11), there can be no attainder for treason or felony here, and, hence, no case upon which the heir or executor can prosecute a writ of error to reverse an attainder."

In Boyd v. State (3 Okla. Cr. 684; 108 Pac. 431) it was said: " In a criminal action, the purpose of the proceeding being to punish

the defendant in person, the action must necessarily abate upon his death." (See, also, *Sharp* v. *State*, 13 Okla. Cr. 59; 161 Pac. 1178.)·

*Taylor* v. *Taintor* (83 U. S. 366) involved the exoneration of bail where the principal had died. The court said: "It is the settled law of this class of cases that the bail will be exonerated where the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Where the principal dies before the day of performance the case is within the first category."

In *People* v. *Parkin* (263 N. Y. 428, 432) it is said: "It is only where the principal dies before the day of performance that bail is exonerated."

In *McKenzie* v. *Lombard* (85 Me. 224; 27 Atl. 110) it was held that a bastardy proceeding did not survive the death of the defendant.

"It would be a strange sight," said the court "to see an administrator arrested, required to give a bond, be put on trial, and perhaps imprisoned, for an act of bastardy committed by the party officially represented by him."

An indictment as heretofore shown is a pleading in a criminal action. The defendant is an essential party. Without a defendant there can be no such action.

Upon the death of the defendant no rights survive, no action continues, the action abates.

It is urged that the motion is necessary (a) to enable the district attorney to keep his records properly; (b) to enable counsel to apply for compensation.

It would be a somewhat extraordinary determination that a district attorney is ignorant of the death of a person whose conviction of murder in the first degree has been affirmed by the Court of Appeals, and that a formal order dismissing an· indictment against a deceased person is necessary to enable him to keep properly the records of his office.

Such an order is not a prerequisite to the court fixing compensation for services rendered by counsel assigned to the defendant by the court.

Under section 308 of the Code of Criminal Procedure the court has plenary power to award compensation, within the limits fixed by statute, to counsel for any services rendered under an arraignment.

In my opinion the action against Rogas did not survive his death; it abated when he died; there is no indictment pending against him; there is nothing to dismiss.

Motion denied.