## Commonwealth (to use, Appellant) *v.* Embody.

Argued November 20, 1940. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*William G. Schrier*, County Solicitor, for appellant.

*William P. Wilson*, with him *Frank A. Bell* and *J. Roy Lilley*, of *Lilley & Wilson*, for appellee.

OPINION BY STADTFELD, J., January 30, 1941:

Charles Embody entered a plea of guilty to a charge of solicitation to commit sodomy. On December 9, 1937, he appeared before CULVER, J., of the Court of Oyer and Terminer of Bradford County, and was sentenced to pay the costs of prosecution, a fine of $1,000 to the Commonwealth of Pennsylvania, and undergo imprisonment by separate or solitary confinement at labor in the Eastern Penitentiary at Philadelphia for the indeterminate period of not less than two years and not to exceed five years, and stand committed until the sentence is complied with. On December 30, 1937, Embody died while imprisoned. The fine and costs were never paid.

On February 25, 1939, the county solicitor caused a certified copy of the record of the above judgment and sentence to be filed in the Court of Common Pleas of Bradford County, according to the provisions of the Act of May 8, 1901, P. L. 143, §1 (12 PS §1001) which provides as follows: "Section 1. Be it enacted, etc., That where any court of quarter sessions of the peace or court of oyer and terminer of this Commonwealth

has heretofore made or entered, or shall hereafter make or enter, any order, sentence, decree or judgment for the payment of any moneys whatsoever, in any matter or thing within the jurisdiction of the said court, a copy of the said order, sentence, decree or judgment may be certified to any court of common pleas of the same county, and be entered and indexed in said court as a judgment with like force and effect as if the same had been recovered therein as a judgment of the latter court."

On July 3, 1939, the executrix of the estate of Charles Embody filed a petition in the court of common pleas asking for a rule upon the plaintiff to show cause why the judgment entered therein should not be stricken off. In this proceeding the court of common pleas, on October 2, 1939, filed an opinion and made an order discharging said rule to strike off and granted a rule upon the Commonwealth to show cause why the said judgment should not be opened and defendant let into a defense.

After arguments had been heard, the court below, in an opinion by CULVER, P. J., filed January 27, 1940, made an order which declared that the judgment in the court of common pleas and the parent judgment in the court of oyer and terminer be declared abated and satisfied insofar as the fine, and all costs which have accrued since the death of Charles Embody are concerned. This appeal followed.

The question involved in this case is a narrow one, to wit, is a judgment of a court of oyer and terminer imposing a sentence of fine and imprisonment and certified to a court of common pleas, abated and satisfied by reason of the defendant's death.

Our attention has not been called to any decision by an appellate court in this state relating to the abatement of a *fine* by reason of the death of the defendant, nor has independent research disclosed any such authority. Certain authorities outside this jurisdic-

tion hold that a fine cannot be enforced against the estate of a deceased defendant. In each of these cases, it is true, defendant died while an appeal from the judgment imposing sentence was pending. Nevertheless, the rationale of these decisions does not rest upon the ground that the judgment appealed from was not a final judgment, but is based upon an independent reason in support of the rule.

The reason for the rule has been stated as follows: "In a criminal action the sole purpose of the proceedings is to enforce the criminal law and punish the person found guilty of a violation thereof. The personal representative of the deceased is not responsible for the alleged violation of the law by the defendant during his lifetime, and cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject matter upon which it can operate has ceased to exist:" *Boyd v. State,* 3 Okla. Cr. 684, 685, 108 Pacific, 431. See also, *Alexander v. State,* 15 Okla. Cr., 604, 180 Pacific, 393; *Sharpe v. State,* 13 Okla. Cr., 59, 60, 161 Pacific, 1178.

"In a case where a fine is imposed as a punishment, no principle of compensation is involved. A fine is imposed for the purpose of punishing the offender, and when the offender dies, he passes beyond the power of human punishment. There could be no justice in enforcing a fine against the estate of an offender, for such a course would punish only the family or those otherwise interested in the estate:" *Blackwell v. State,* 185 Ind. 227, 229, 113 N. E. 723.

In *U. S. v. Pomery,* 152 Federal 279, the court said: "In my opinion the fundamental principle applicable to this case is that the object of criminal punishment is to punish the criminal and not to punish his family. When A recovers a judgment against B for a tort, the recovery is undoubtedly based on the defendant's misconduct; but the fundamental principle upon which

the action is maintained is the idea of compensating the injured party; but, when a court imposes a fine for the commission of a crime, there is no idea of compensation involved. In this case the defendant was fined $6000. That money was not awarded as compensation to the United States. No harm had been done to the United States. It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense. It may be said, of course, that there is very little difference between the loss which his family would have sustained if the money had been collected before his death, and the loss which it now sustains if it is collected from his estate. But if the money had been collected before his death, he would have been punished. If it be collected now, his family will be punished and he will not be punished." The court then concluded that an order should be entered declaring that the proceedings and the judgment have abated and are no longer of any validity.

On appeal, the Circuit Court of Appeals of the Second Circuit of New York, 164 Federal 324, reversed on the ground that the term at which the original fine was imposed had ended, and therefore the court imposing the fine had no power thereafter to nullify or change the judgment, saying on p. 325: "We are asked to determine whether the death of Mr. Pomeroy operated to vacate the judgment. But the question does not arise. If the death in itself vacated the judgment, the order was unnecessary. If it did not have that effect, the order was necessary, provided the court had had power to make it. But necessary or unnecessary, the order was erroneous, because it affected a judgment over which the court had no control." The effect of this decision was merely to raise some doubt as to the proper process for presenting for decision, the question

involved in the instant case.

A later case, however, *U. S. v. Dunne,* 173 Fed. 254, 97 C. C. A. 80, is in line with the other authorities previously referred to. See, also, *Cleveland Cotton Mill Co. v. People,* 32 Colo. 263, 75 Pacific 924.

In *Commonwealth to use, v. Moran,* 58 Pa. Superior Ct. 362, one convicted of fornication and bastardy was sentenced to pay a fine, costs of prosecution and $2.50 per week for five years for the maintenance of the child and to enter into a bond with surety in the sum of $500. The fine, costs and lying-in expenses were paid and the bond given with a surety. About a year later the principal in the bond died, having paid all the $2.50 per week payments up to the date of his death. Suit was then begun on the bond to collect from the surety, and the question was raised, that the death of the principal (the defendant in the criminal case) abated the judgment and relieved the surety from all liability. This court, in an exhaustive opinion by Judge HEAD, said, p. 368: "In our own case of *Com. v. Dunn,* (57 Pa. Superior Ct. 162, opinion by President Judge RICE) ...... we held that the death of the defendant, after conviction and sentence and before the hearing of his appeal in this court, necessarily abated that appeal and ended the proceeding, and this would be true no matter how manifest the errors disclosed by the record which attended the entry of the judgment appealed from. Could the Commonwealth then, after the death of the sentenced defendant, successfully invoke the process of the courts to compel the performance by his heirs, his surety, or other person of that portion of his sentence which, by the interposition of an act of God, he was no longer able to perform? All of these lines of reasoning seem to converge to the support of the proposition *that the death of one convicted in and sentenced by a criminal court worked a discharge of every obligation imposed by and rooted in his sentence.*" And also, on p. 365: "We cannot adopt as sound then the con-

tention of the appellant that the portion of the sentence fixing the sum to be paid and appropriating it to the maintenance of the child can be essentially differentiated *from the remainder of the sentence.*" (Italics supplied). This case was affirmed by the Supreme Court in 251 Pa. 477, 96 A. 1089.

Appellant contends that the judgment in the instant case, being a judgment in the court of common pleas by reason of its certification from the court of oyer and terminer, is of such a character that the death of the defendant can have no effect. We have held, however, in *Beck v. Finnefrock (No. 2)*, 72 Pa. Superior Ct. 544, that the Act of 1901 simply provided a remedy for the enforcement of the liability created by the sentence and merely gave an additional method of procedure for its collection. In *Commonwealth v. Rarick*, 66 Pa. Superior Ct. 162, cited by appellant, it appears that defendant was still alive when collection of the judgment was sought. In the instant case, the defendant had been dead for more than a year prior even to the certification to the court of common pleas of the judgment of the court of oyer and terminer. Such a judgment cannot, by reason of its certification after the death of defendant, be saved from abatement and satisfaction when otherwise entitled thereto.

The judgment of the court below is affirmed.