**CITY OF CLAYTON, Plaintiff-Respondent,**

**v.**

**Max SIGOLOFF, Executor of the Estate of Paul J. Schneider, Deceased, Defendant-Appellant.**

**No. 33390.**

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

Max Sigoloff, St. Louis, for defendant-appellant.

A. Wimmer Carr, City Atty., Clayton, Edgar G. Boedeker, Clayton, for plaintiff-respondent.

WOLFE, Presiding Judge.

This is an appeal from a conviction for violating an ordinance of the City of Clayton in St. Louis County, Missouri. Paul J. Schneider was charged with violating Ordinance 2099 of the City in that he failed to remove and reconstruct a sidewalk and driveway approaches upon which his property fronted. He was tried first before a police judge of the City and was fined $50.00 for violating the ordinance. On appeal to the circuit court he was tried by the court without the aid of a jury. He was again found guilty and fined $50.00 and costs. He then appealed to this court and while the appeal was here pending his death was suggested and leave granted for the executor to be substituted as defendant-appellant.

■ A number of points are raised relating to the ordinance and the trial but it would serve no purpose to pass upon them as we have reached the conclusion that the cause abated upon the death of the defendant and that no claim can be asserted to collect the fine against the estate of the decedent.

■ Prosecution for the violation of an ordinance is said to be civil in form. This for the reason that a crime is a violation of the public law; that is, a law coextensive with the boundaries of the state that enacts it. An ordinance, to the contrary, is for the preservation of good order in the locality which enacted it. A conviction for violating an ordinance is practically identical with a conviction for a crime. City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935. This is supported by Rule 37.51, V.A.M.R., which provides: "All proceedings upon the trial of offenses in municipal courts shall be governed by the practice in criminal cases in circuit courts, so far as the same may be applicable, and in respect to which no provision is made by law or these Rules; * * *."

This brings us to a consideration of the status of a judgment of conviction for a crime, when the defendant dies while an appeal from the judgment of conviction is pending. The Missouri Supreme Court had occasion many years ago to consider a situation similar to the one before us and involving an ordinance violation where a fine had been imposed. In The Town of Carrollton v. Rhomberg, 78 Mo. 547, it was stated, 1. c. 549: " * * * we are of the opinion that the offense or cause of action cannot be proceeded with as surviving against the personal representative of the accused. * * * It has been held by this court that a prosecution of this character is a civil action in form, although *quasi* criminal in its nature. Kansas City v. Clark, 68 Mo. 588. Its object is to recover a penalty to be imposed by a court for the violation of a city ordinance enacted to promote the public welfare. Viewed in this light it clearly does not survive as against the representatives of the guilty party."

While not passing upon the exact question, the ratio decidendi is the same in the cases of State ex rel. Scott v. Cox, Mo., 243 S.W. 144, and Baker v. Modern Woodmen of America, 140 Mo.App. 619, 121 S. W. 794. In the Baker case the court held that upon the death of one charged with an offense pending an appeal from a conviction the cause abated and the court went on to say that abatement is a generic term derived from the French *abattre*, and signifies the quashing, beating down, removing or destroying of a thing.

The problem is considered in 83 A.L.R.2d 864, § 2, wherein it is stated that most of the few courts which have considered the matter have recognized the rule that the death pending appeal of a defendant convicted of a criminal offense abates not only the appeal, but likewise all proceedings had in the prosecution from its inception. A few of the cases supporting the statement dealing with fines and holding that the fines are abated upon the death of the appealing defendant are State v. Hurst, 149 Or. 519, 41 P.2d 1079; Crowley v. People, 122 Colo. 466, 223 P.2d 387, en banc; Commonwealth, to Use of Bradford County v. Embody, 143 Pa.Super. 354, 17 A.2d 620; State v. Stotter, 67 Idaho 210, 175 P.2d 402, Supreme Court of Idaho.

Where there is no statute to the contrary, we find no reason to extend the liability for a fine to the heirs or representative of the decedent for the heirs have committed no offense. We therefore conclude that we should have denied the substitution of Schneider's executor as party appellant for upon Schneider's death the matter abated.

We reverse the judgment, remand to the circuit court and direct that court to enter a judgment dismissing the action.

BRADY and DOWD, JJ., concur.