**UNITED STATES of America ex rel. Harry C. SCHWARTZ**

v.

**William M. LENNOX, Sheriff of the County of Philadelphia.**

Civ. A. No. 70–1853.

United States District Court, E. D. Pennsylvania.

Jan. 11, 1971.

Blank, Rome, Klaus & Comisky, Marvin Comisky, Philadelphia, Pa., for petitioner.

Arlen Specter, Dist. Atty., T. Michael Mather, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

OPINION

JOSEPH S. LORD, III, District Judge.

On April 20, 1966, Schwartz, a former Philadelphia magistrate, was convicted of conspiracy, misbehavior in office, official oppression and malfeasance. Following exhaustion of his state appellate remedies, in which he raised all the con-

tentions here raised, he applied to a judge of this court for a stay of execution of sentence, which was granted. Schwartz thereupon filed the present petition for a writ of habeas corpus. Upon the representation of counsel that there were no factual questions involved, we set the case for argument on September 8, 1970. On September 6, 1970, the relator Schwartz died.

■ Since Schwartz filed his habeas corpus petition while he was still alive and under state sentence, the "in custody" requirement of the federal habeas corpus statute is satisfied. Carafas v. LaVallee, 391 U.S. 234, 238–240, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). While the Commonwealth does not dispute this, it does strenuously argue that this case became moot upon the demise of the relator. Our research into this area of the law indicates that in every case where a relator died pending the final disposition of his petition, the action has been dismissed as moot. United States ex rel. Lynch v. Fay, 284 F.2d 301 (C.A. 2, 1960); Hann v. Hawk, 205 F.2d 839 (C.A. 8, 1953). In *Hann*, the relator died after his case had been argued in the Court of Appeals, but before a decision had been reached. The court said, at page 840:

> "This case obviously became moot upon Hawk's death, and this Court would not be justified in deciding questions which have become academic, no matter how interesting they may be. * * * *"

■ Relator [1] counters by pointing to the "collateral consequences" of his conviction, *viz.*, the imposition of a $10,000 fine and the reduction of retirement benefits, and arguing that these burdens prevent his case from being moot. However, the fine relator mentions is of no present significance because under Pennsylvania law it abated upon his death. Commonwealth to Use of Bradford County v. Embody, 143 Pa.Super.

354, 17 A.2d 620 (1940). Further, while relator alleges that he lost all retirement rights, except for the return of his own contributions, from his retirement until his death, there is no evidence which indicates that the retirement benefits would in any case be more than the amount of his contributions. Since there has been no showing that there has been or will be any adverse impact on relator's estate flowing from his conviction, we decide that this case is now moot.

■ Even if the relator were to have proved that his estate was harmed by the imposition of the fine and the loss of retirement benefits, he would fare no better. While such proof might have lifted relator over the hurdle of mootness, Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *cf.* Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 229, 240, 241, 57 S.Ct. 461, 81 L.Ed. 617 (1937) (there must be a definite and concrete controversy); *but see* Sokol, Federal Habeas Corpus 78 (2 ed. 1969),[2] it clearly would not have helped him surmount the obstacle of abatement.

■■ It is well settled that suits to enforce personal rights abate on the death of the plaintiff. *E. g.*, Ravellette v. Smith, 300 F.2d 854, 857 (C.A. 7, 1962) (action for invasion of privacy is personal and abates); Shearer v. Bakery and Confectionery Workers, 111 U.S.App.D.C. 39, 294 F.2d 235 (1961) (action for libel is personal and abates); Almour v. Pace, 90 U.S.App.D.C. 63, 193 F.2d 699, 700, 701 (1951). We are convinced that the writ of habeas corpus lies to enforce rights of personal liberty. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1965). Originally designed only to release a defendant from wrongful custody, its thrust has been broadened to a consideration of the personal rights affected by a conviction. *See* Carafas v. LaVallee, 391 U.S. 234,

---

1. That is, counsel for relator's estate.

2. We note that in the above cited cases of United States ex rel. Lynch v. Fay, 284 F.2d 301 (C.A.2, 1960) and Hann

v. Hawk, 205 F.2d 839 (C.A.8, 1953), there was no mention of any "collateral consequences" flowing from the conviction of the petitioner.

88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). But this expansion has in no way undercut or undone the personal nature of the writ. In our opinion, it would be a prostitution of the Great Writ, historically dedicated to the vindication of personal rights, to permit it to be used by beneficiaries, whose constitutional rights are not in question, as a device to obtain money.

 The simple fact is that we are in no position to restore any rights of personal freedom to Schwartz. We cannot command the sheriff to release him, for he is no longer in his custody. We cannot restore his freedom to hold office, or his freedom to serve as a juror. In short, death, and not his conviction, has intervened to obliterate those freedoms for all time. Any favorable action by us would operate only to enhance the property rights of persons other than Schwartz. Since no personal freedom rights of Schwartz are any longer involved, relator's petition does not survive his death.

### ORDER

And now, this 11th day of January, 1971, it is ordered that relator's petition for writ of habeas corpus be, and it hereby is, dismissed.