## Commonwealth v. Horn

*William H. Platt,* for Commonwealth.
*W. Hamlin Neely,* for defendant.

MELLENBERG, *J.,* September 18, 1978—On May 11, 1976, Alfred A. Horn was found guilty by a jury on two counts of violating The Vehicle Code of April 29, 1959, P.L. 58.[1] Defendant filed a timely motion for new trial, but prior to argument on said motion defendant died. Defense counsel informed the court of defendant's death and advised the court that he intended to withdraw the motion. The court, by order dated October 26, 1977, and in recognition of counsel's intentions, dismissed all post trial motions.

The sole issue before the court is whether or not defendant's estate is liable for the costs of prosecution. It has been stipulated by counsel that defendant's estate is solvent, and demand has been made by the County of Lehigh for the costs accrued.[2] Lehigh County has also filed a claim against the estate of defendant with the Orphans' Court of Lehigh County.

---

1. Operating a motor vehicle after his operating privilege was suspended in violation of 75 P.S. §624(6), and failing to stop after an accident in violation of 75 P.S. §1027(a), (b).

2. Costs of prosecution in Case no. 2342/1975 totaled $690.56. The costs in Case no. 2343/1975 totaled $50.

Initially, we must determine whether the costs of prosecution pass as a debt to defendant's estate upon his death. In Com. v. Embody, 37 D. & C. 280 (1940), affirmed 143 Pa. Superior Ct. 354, 17 A. 2d 620 (1941), the court found that the costs of prosecution which accrued prior to the death of defendant did not abate by reason of his death. This indicates that defendant's estate would assume the costs of prosecution. In the instant case certain costs of prosecution accrued at the death of Alfred Horn, and, accordingly, we find that such costs constitute a debt which may pass to defendant's estate.

The next question before us is whether or not defendant was liable for the costs of prosecution at his death. Defendant's estate asserts that under the applicable law, the Act of March 31, 1860, P.L. 427, sec. 64, 19 P.S. §1223, a defendant is not liable for the costs of prosecution until he is convicted. It is argued that Alfred Horn at the time of his death was not yet convicted because judgment of sentence had not been decreed. Thus, it is claimed that defendant's estate is not liable for the costs of prosecution.

Section 64 of the aforesaid act provides, inter alia: "and in all cases of conviction of any crime, all costs shall be paid by the party convicted." Thus, it is apparent that a person convicted of a crime must bear the costs of prosecution. The question now is whether defendant was "convicted" of a crime. This issue has not been discussed in recent times and we are compelled to utilize an early decision of the Supreme Court which defined "conviction" for the purposes of the act. In York County v. Dalhousen et al., 45 Pa. 372 (1863), the Supreme

Court adopted the lower court's definition of conviction. It stated:

"'The decision of the question raised in this case depends upon what the legislature meant by conviction. We have a case on this subject, decided on the 19th of December 1818, between four and five years after the passage of the Act of 1814, in which Tilghman, C. J., held conviction under this act to mean "found guilty;" "a person is not convicted," says he, "unless he is found guilty." That is the sense in which the words "are usually taken."

"'In October 1824, we have Justice Duncan asserting, in Agnew v. The Commissioners, 12 S. & R. 94, that the act applies to cases "when the defendant is convicted and pardoned before sentence;" clearly indicating his opinion that the word "conviction" applied to the verdict and not to the judgment. And this appears to be the view taken by the English law writers. In 3 Coke's Institutes, edited by Thomas, under the title of Arraignment and Conviction, page 559, it is said, "the difference between a man attainted and convicted is, that he is said to be convict before he has judgment, as if a man be convict by verdict, confession, or recusancy." That conviction was understood to mean guilt ascertained by verdict, confession, or other means than judgment, is shown by stat. of 12 Geo. 3, c 20, which declares, "that every person who being arraigned for felony and piracy, shall stand mute, or not answer directly to the offence, shall be convicted of the same, and the same judgment and execution shall be thereupon awarded as if the person had been convicted by confession of the crime."

"'Wharton, in his Law Lexicon, defines conviction to be the act of proving guilty of an offence charged against a party by a legal tribunal.

"'In England, under the Act of 5 William & Mary, which enacts that before a defendant can remove his case to the King's Bench, he must enter into a recognisance to pay the costs, if convicted, it has been held, that after conviction by a jury, if the judgment is not reversed, or a new trial granted, and defendant should die before judgment, he is still convicted, and his recognisance forfeited: King v. Turner, 15 East 570; Same v. Same, 3 B. & C. 160; King v. Finmore, 8 T. R. 409.

"'We therefore think that the proper reading of the Act of Assembly is to construe the word "conviction" to mean conviction before judgment.'"

Based on this decision we find that for the purposes of the aforesaid act defendant stands convicted of the charges brought against him.

In addition, since defense counsel acknowledged to the court his intention to voluntarily withdraw defendant's post-trial motions and since as a result thereof said motions were dismissed by the court, we find that defendant has exhausted his right of appeal of the conviction. We, therefore, hold that the conviction is final and pursuant to the aforesaid Act of 1863 defendant's estate is liable for the costs of prosecution which accrued prior to defendant's death.

## ORDER

And now, September 18, 1978, after hearing and argument, for the reasons set forth in the attached opinion, it is ordered that the estate of defendant, Alfred A. Horn, is liable for the costs of prosecution which accrued prior to defendant's death.