<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 97-2252

  JUSTINA FIGUEROA, A/K/A JUSTINA FIGUEROA ECHEVARRIA, ET AL.,

                    Plaintiffs, Appellants,

                               v.

       MIGUEL RIVERA, A/K/A MIGUEL RIVERA GARCIA, ET AL.,

                     Defendants, Appellees.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Salvador E. Casellas, U.S. District Judge]

                             Before

                     Selya, Circuit Judge,
                                
         Rosenn* and Campbell, Senior Circuit Judges.
                                

    Maria H. Sandoval and Judith Berkan on brief for appellants.
    Arturo Aponte Pares on brief for appellee Gervacio Rivera
Robles.
    Carlos Lugo Fiol, Solicitor General, Puerto Rico Dep't of
Justice, Edda Serrano Blasini, Deputy Solicitor General, and
Sigfredo Rodriguez Isaac, Assistant Solicitor General, on brief for
remaining appellees.

July 20, 1998

_______________
*Of the Third Circuit, sitting by designation.

 SELYA, Circuit Judge.  Appellants, the heirs of Jess
Ros Quiones (Ros), allege that local plenipotentiaries conspired
to convict Ros for a murder that he did not commit and that a
different set of public officials failed to provide Ros with
adequate medical care during his incarceration (leading to his
premature death).  The district court dismissed the complaint, and
the plaintiffs appeal.  We affirm (though our reasoning diverges at
times from that of the lower court).   
I.  BACKGROUND
 If recited here in full flower, the averments in the
complaint would seem to have been lifted from the pages of a John
Grisham thriller.  Our tale, however, is decidedly less gripping,
as many of the more sensational allegations are irrelevant to the
issues on appeal.  We limit our narrative accordingly.  See Garita
Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 16
(1st Cir. 1992).
 In 1984, a jury convicted Ros, David Carrin Ramos
(Carrin), and Rafael Mndez Kercad (Mndez) of first degree
murder in connection with the slaying of Jos Trevio.  The Puerto
Rico Supreme Court rejected the trio's appeals.  The three men
subsequently sought a new trial in the nisi prius court, alleging
that they had unearthed previously undiscovered evidence which
proved their innocence.  According to their proffer, this evidence
indicated that four other persons murdered Trevio, and that the
prosecutor, Miguel Rivera Garca (Rivera), endeavored to frame
Ros, Carrin, and Mndez because Rivera's nephew was one of the
guilty parties.  After a hearing, the presiding judge found the new
evidence unpersuasive and denied the defendants' motion.  No appeal
was taken.
 Carrin next sought habeas corpus relief in the federal
district court pursuant to 28 U.S.C.  2254 (1994 & Supp. II 1996),
and Ros followed suit.  After the cases languished for nearly
four years, Carrin and Ros filed amended petitions, representing
that they had located a brand-new witness who could provide proof
of their innocence.  Since the two had not presented this evidence
to the trial court, the respondents promptly moved to dismiss the
amended habeas petitions on exhaustion grounds.  See Adelson v.
DiPaola, 131 F.3d 259, 261-62 (1st Cir. 1997) (discussing the
exhaustion requirement in federal habeas jurisprudence).  Before
the district court could rule on these motions, Ros died in
custody.  Upon learning of Ros's death, the district court
(Laffitte, J.) dismissed his petition as moot.  Some months later,
Judge Laffitte dismissed Carrin's petition, without prejudice, for
want of exhaustion.
    On April 9, 1996, various members of Ros's family
brought suit in the district court against Rivera, Rivera's former
supervisor, several Puerto Rico police officers, and one of
Trevio's "actual" murderers.  Invoking 42 U.S.C.  1983 (1994),
they averred that these defendants had succeeded in framing Ros
for Trevio's murder, thereby spawning an unconstitutional
conviction and sentence.  The plaintiffs added a bevy of pendent
tort claims stemming from Ros's conviction and consequent
incarceration.  These claims sounded in negligence, malicious
prosecution, abuse of process, false arrest, and intentional
infliction of emotional distress.  Finally, the plaintiffs asserted
claims for negligence and deprivation of civil rights against
several "John Doe" defendants, never more specifically identified,
who allegedly acted carelessly and with deliberate indifference to
Ros's need for medical care during his immurement.
    The appellees moved to jettison the complaint for failure
to state any claim upon which relief could be granted or, in the
alternative, for summary judgment.  See Fed. R. Civ. P. 12(b)(6),
56.  The district court (Casellas, J.) determined that Heck v.
Humphrey, 512 U.S. 477 (1994), barred the action and dismissed the
complaint.  See Figueroa Echevarra v. Rivera Garca, 977 F. Supp.
112, 116 (D.P.R. 1997).  This appeal ensued.
II.  ANALYSIS
    We afford plenary review to a district court's grant of
a motion for dismissal under Fed. R. Civ. P. 12(b)(6).  See McCoyv. Massachusetts Inst. of Tech., 950 F.2d 13, 15 (1st Cir. 1991).  
In the course of this oversight, we accept well-pleaded facts as
true and draw all reasonable inferences from those facts in favor
of the plaintiff.  See Massachusetts Sch. of Law at Andover, Inc.v. American Bar Ass'n, 142 F.3d 26, 40 (1st Cir. 1998).  Dismissal
is appropriate "only if it clearly appears, according to the facts
alleged, that the plaintiff cannot recover on any viable theory."  
Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir.
1990).
                               A
    The appellants' main section 1983 claim hinges on the
assertion that Rios's conviction and subsequent imprisonment were
unconstitutional.  In their complaint, they allege that the police
officers who investigated Trevio's slaying and the prosecutor who
tried the case spun a web of lies to ensure Ros's conviction, and,
in the bargain, coerced witnesses to prevaricate and shielded the
actual killers.  To make matters worse, the complaint alleges,
Rivera and his cohorts then undertook a pattern of deceit to
conceal their lawlessness.
    Assuming, purely for argument's sake, that the appellants
could prove these assertions, we nonetheless must uphold the
district court's disposition.  The Heck Court ruled in no uncertain
terms that when a section 1983 claimant seeks "to recover damages
for allegedly unconstitutional conviction or imprisonment," he
"must prove that the conviction or sentence has been reversed on
direct appeal, expunged by executive order, declared invalid by a
state tribunal authorized to make such determination, or called
into question by a federal court's issuance of a writ of habeas
corpus."  512 U.S. at 486-87.  In the absence of such a showing of
impugnment, the claim "is not cognizable under [section] 1983."  
Id. at 487.  Here, the appellants do not allege that an authorized
tribunal or executive body overturned or otherwise invalidated
Ros's conviction.  Consequently, Heck bars the unconstitutional
conviction and imprisonment claims.  See, e.g., White v. Gittens,
121 F.3d 803, 806-07 (1st Cir. 1997); Hamilton v. Lyons, 74 F.3d
99, 103 (5th Cir. 1996).
    The appellants counter that strict application of Heckworks a fundamental unfairness in this case.  After all, Ros was
attempting to impugn his conviction when death intervened.  
Although this plaint strikes a responsive chord, it runs afoul of
Heck's core holding:  that annulment of the underlying conviction
is an element of a section 1983 "unconstitutional conviction"
claim.  See 512 U.S. at 487.  Creating an equitable exception to
this tenet not only would fly in the teeth of Heck, but also would
contravene the settled rule that a section 1983 claimant bears the
burden of proving all the essential elements of her cause of
action.  See Ruggiero v. Krzeminski, 928 F.2d 558, 562-63 (2d Cir.
1991).

                               B
    Although the district court reached the correct result
with respect to the unconstitutional conviction and imprisonment
claims, it dismissed the appellants' action without prejudice,
suggesting in dictum that if Carrin ultimately succeeds in
reversing his conviction, then the appellants "might be able to .
. . bring this [section] 1983 action."  Figueroa Echevarra, 977 F.
Supp. at 116.  The appellees denigrate this aspect of the court's
ruling, contending that Heck, on its face, requires a section 1983
claimant who seeks damages arising out of an unconstitutional
conviction to show reversal of his own   not a codefendant's   
conviction, and that, therefore, the district court should have
dismissed the appellants' claims with prejudice.
    We are skeptical that a section 1983 claimant can satisfy
the Heck regimen by arguing a theory of reversal by proxy.  That
said, however, we decline to grapple with the appellees' argument.  
A party who neglects to file a cross-appeal may not use his
opponent's appeal as a vehicle for attacking a final judgment in an
effort to diminish the appealing party's rights thereunder.  SeeMorley Constr. Co. v. Maryland Cas. Co., 300 U.S. 185, 191 (1937);
Gonzalez v. Bowie, 123 F.2d 387, 389 (1st Cir. 1941).  Because the
appellees did not prosecute a cross-appeal, the argument that they
seek to advance is not properly before us.

                               C
    In a curious gambit designed to skirt the obstacles that
Heck interposes, the appellants asseverate that Judge Laffitte
improperly terminated Ros's and Carrin's habeas petitions in 1996
and 1997, respectively, and that this court erroneously dismissed
an appeal from the latter order.  The short answer to this line of
argument is that the appellants did not raise these contentions
below, and they are thus foreclosed from unveiling them for the
first time on appeal.  See Teamsters, Chauffeurs, Warehousemen and
Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17,
21 (1st Cir. 1992); McCoy, 950 F.2d at 22.
    The slightly longer, but equally dispositive, answer is
that the appellants' gambit amounts to an attempt to collapse the
habeas proceedings into their section 1983 action, thereby creating
a legal chimera through which they seek simultaneously to
invalidate Ros's conviction and to recover damages.  Heckforecloses this type of hybridization and makes the impugning of an
allegedly unconstitutional conviction in a separate, antecedent
proceeding a prerequisite to a resultant section 1983 action for
damages.  See Heck, 512 U.S. at 486-87.  The exclusive method of
challenging an allegedly unconstitutional state conviction in the
lower federal courts is by means of a habeas corpus action, seePreiser v. Rodriguez, 411 U.S. 475, 488-90 (1973), and,
correlatively, "civil tort actions are not appropriate vehicles for
challenging the validity of outstanding criminal judgments."  Heck,
512 U.S. at 486.  
    In all events, the appellants lack standing to press the
habeas argument.  Although a state prisoner need not always pursue
a habeas petition in person, see 28 U.S.C.  2242 (1994)
(stipulating that "someone acting on [the state prisoner's] behalf"
may seek the writ), "next friend" habeas petitions are rare.  To
bring such a petition, the filing party must show both that she is
proceeding in the prisoner's behalf and that there is a valid
reason why she is better situated than the prisoner to pursue the
writ.  See Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990).
    Whether or not the appellants could satisfy this two-part
test with respect to Ros is an academic question.  Ros's death
during the pendency of his habeas petition rendered that action
moot, and no earthly circumstance can revive it.  See Knapp v.
Baker, 509 F.2d 922, 922-23 (5th Cir. 1975); Hann v. Hawk, 205 F.2d
839, 840 (8th Cir. 1953); United States ex rel. Schwartz v. Lennox,
320 F. Supp. 754, 755 (E.D. Pa. 1971).  As to Carrin's habeas
petition, the appellants plainly cannot meet the requirements for
proceeding vicariously.  First, they seek to reinstate the petition
to serve their own interests in maintaining a section 1983 action;
any benefit to Carrin would be purely coincidental.  Second, there
is absolutely no indication in the record that Carrin is incapable
of pursuing a new habeas petition once he has exhausted his state
remedies.  See 1 James S. Liebman & Randy Hertz, Federal Habeas
Corpus Practice and Procedure  8.3c, at 218-19 (2d ed. 1994)
(cataloging the various incapacities of a prisoner that federal
courts have deemed sufficient to justify a "next friend" petition).
    For these reasons, then, the appellants' belated
collateral attack on a collateral attack to a state conviction is
doomed to failure.
                               D
    Judge Casellas held that the appellants' failure to
satisfy the Heck prerequisites swept the board, and he dismissed
the entirety of their complaint.  See Figueroa Echevarra, 977 F.
Supp. at 116 & n.13.  This ruling is rock-solid insofar as it
relates to the unconstitutional conviction and imprisonment claims
under section 1983.  In other respects, the ruling is more
problematic.
    The appellants' secondary section 1983 claim does not
challenge the "fact or length of [Ros's] confinement."  Heck, 512
U.S. at 482.  Rather, the appellants charge that unnamed agents of
the government's Medical Services Administration acted with
deliberate indifference to Ros's need for medical care while in
prison, and that this Eighth Amendment violation led to his demise.  
See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (explaining that
"deliberate indifference to a prisoner's serious illness or injury
states a cause of action under [section] 1983").  Heck does not
require a section 1983 plaintiff who challenges the conditions of
his confinement, as opposed to the fact or length of his
confinement, to demonstrate that his conviction has been impugned.  
See Heck, 512 U.S. at 487.  Such claims may go forward under
section 1983, even if the plaintiff's complaint includes a
separate, Heck-barred cause of action.  See Brown v. Plaut, 131
F.3d 163, 167-68 (D.C. Cir. 1997), cert. denied, 66 U.S.L.W. 3750
(U.S. June 22, 1998); Channer v. Mitchell, 43 F.3d 786, 788 (2d
Cir. 1994) (per curiam).  We therefore conclude that the district
court erred when it dismissed the appellants' deliberate
indifference claim on the basis of Heck.
    In the final analysis, however, this error is harmless
because the dismissal of the deliberate indifference claim is
supportable on an alternate ground.  The complaint does not accuse
Rivera or any other named defendant of deliberate indifference to
medical needs, but levels this charge against various "John Doe"
defendants.  In the seventeen months that elapsed between the
filing of the complaint and the entry of judgment, the record
discloses no attempt by the appellants to identify or serve any of
the anonymous defendants allegedly responsible for Ros's deficient
medical treatment.  Under Fed. R. Civ. P. 4(m), a district court
may dismiss a complaint without prejudice as to a particular
defendant if the plaintiff fails to serve that defendant within 120
days after filing the complaint.  Moreover, a district court
otherwise prepared to act on dispositive motions is not obligated
to "wait indefinitely for [the plaintiff] to take steps to identify
and serve . . . unknown defendants."  Glaros v. Perse, 628 F.2d
679, 685 (1st Cir. 1980) (internal quotation marks omitted).  We
think that seventeen months is a more than ample interlude, and we
therefore uphold the district court's "without prejudice" dismissal
of the deliberate indifference claim on this alternative ground.
    In a similar vein, we affirm the district court's
dismissal of the appellants' pendent Puerto Rico law claims, but
rest our holding on a basis somewhat different from that envisioned
by the lower court.  The appellants premise federal jurisdiction on
the section 1983 claims.  See 28 U.S.C.  1331 (1994) (conferring
jurisdiction for actions that "aris[e] under" federal law).  
Because the district court dismissed those claims at an early
stage, it was fully authorized to dismiss all pendent causes of
action without prejudice.  See Martinez v. Colon, 54 F.3d 980, 990
(1st Cir. 1995).  The appellants are, of course, free to pursue
those causes of action in the courts of Puerto Rico.  See id. at
990-91 & n.12.
III.  CONCLUSION
    We need go no further.  Factually, this is a troubling
case.  The appellants' allegations, if true, cry out for
remediation.  But the appellants have proceeded down the wrong path
in their quest for justice.  Settled principles of law require that
we affirm the judgment below, remitting the appellants to other,
non-federal remedies.

Affirmed.

</body>

</html>