### UNITED STATES v. JACOB SCHMIDT BREWING CO.

(District Court, D. North Dakota. December 28, 1918.)

1. INTEREST ⬤⟳22(1)—JUDGMENT.
    At common law a judgment does not bear interest as an absolute matter of right, and ordinarily the question whether interest is recoverable depends on the nature of the judgment and, as a rule, whether allowed by some statute.

2. FINES ⬤⟳17½—JUDGMENTS IN CRIMINAL CASE—SURVIVAL.
    Judgments imposed as a punishment for the violation of a criminal law stand in a class by themselves, and do not survive the death of the party against whom they are entered, so as to be a charge against his estate.

3. INTEREST ⬤⟳22(8)—JUDGMENTS IN CRIMINAL CASE.
    In view of Rev. St. § 966 (Comp. St. 1916, § 1605), providing for allowance of interest on all judgments in civil cases, the United States cannot recover interest on a judgment imposing a fine for violation of a criminal statute, though enforcement was stayed pending defendant's writ of error by a stay bond.

The Jacob Schmidt Brewing Company was convicted of violating Criminal Code, § 240 (Comp. St. 1916, § 10410), and, the conviction being affirmed on defendant's writ of error, the question whether the United States was entitled to interest on the judgment, the defendant

having given a stay bond, was submitted on stipulation of counsel. Interest denied.

M. A. Hildreth, of Fargo, N. D., for the United States.

James Manahan, of St. Paul, Minn., for defendant.

AMIDON, District Judge. A question has arisen in this case which is submitted to the court by stipulation of counsel. Defendant is charged in the indictment with violation of section 240 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1137 [Comp. St. 1916, § 10410]), upon the ground that it shipped intoxicating liquors without properly marking the package in which the same was contained. It was found guilty, and as punishment therefor adjudged to pay a fine amounting in the aggregate to $7,250. It sued out a writ of error to review this judgment, and gave a stay bond. The question submitted by the stipulation is whether the government is entitled to interest upon the judgment from the date it was entered to the time of its payment, which the company now desires to make; the judgment having been affirmed by the Circuit Court of Appeals. Jacob Schmidt Brewing Co. v. United States, 254 Fed. 695, —— C. C. A. ——.

The first impression is that the judgment created a debt due from the defendant to the government, and that it was the duty of the defendant to pay this judgment immediately upon its rendition. As it escaped that duty by suing out a writ of error, interest would, in the ordinary course of things, constitute the damage caused to the government by reason of the delay in making the payment.

This, however, proceeds upon the assumption that interest is recoverable as a matter of right. Such is not the case. The judgment, by its terms, did not bear interest. No interest is awarded specifically by the judgment of the Circuit Court of Appeals. On the contrary, that court has even withheld costs.

[1] At common law, a judgment does not bear interest as an absolute matter of right. Whether interest is recoverable depends upon the nature of the judgment, and as a rule upon whether interest is awarded by some statute upon all judgments of the class to which the particular judgment belongs.

[2] Judgments imposed as a punishment for the violation of a criminal law stand in a class by themselves. They do not survive the death of the party against whom they are entered, so as to be a charge upon his estate. United States v. Mitchell (C. C.) 163 Fed. 1014; United States v. Dunne, 173 Fed. 254, 97 C. C. A. 420, 19 Ann. Cas. 1145. California has a statute almost identical with that of the state of North Dakota, and it has been ruled under that statute that judgments imposed as a fine for the violation of criminal law do not bear interest. People ex rel. Warfield v. Sutter, 129 Cal. 545, 62 Pac. 104, 79 Am. St. Rep. 137.

[3] This subject, however, is settled for federal courts by section 966 of the Revised Statute (section 1605 of United States Compiled Statutes for 1916). That statute provides as follows:

"Interest shall be allowed on all judgments in *civil* causes, recovered in a Circuit or District Court," etc.

Congress having undertaken to deal with the subject of interest upon judgments, and having expressly restricted the allowance of interest to judgments in civil causes, the implication is strong that judgments in criminal causes do not bear interest.

My conclusion, therefore, is that the government is not entitled to interest upon the judgment in the above-entitled cause.