JIM WIGGINS, ERSEL FUGATE, WALTER POWERS, *v*. THE
STATE.*

(*Knoxville*. September Term, 1926.) ·

Opinion filed October 16, 1926.

1. **CRIMINAL LAW.** **Juvenile court.** **Acts 1911, chapter 58.**

The Supreme Court has been at pains to outline the practice es-
tablishing the juvenile court. (Post, p. 86.)

Citing:   State v. Bockman, 139 Tenn., 422; Jones v. State ex rel.,
Ibid., 547; Juvenile Court of Shelby County v. State ex rel.,
Ibid., 549; Kilgrow v. West, Ibid., 517; State ex rel. v. West Ibid.,
522.

2. **SAME.** **Same.** **Children incorrigible.** **Jurisdiction.**

It is a matter within the jurisdiction of the juvenile court to de-
termine whether children are incorrigible, and such question
cannot be litigated in the criminal court after cases are trans-
ferred; this is **res adjudicata.** (Post, p. 86.)

Citing:   State ex rel. v. West, 139 Tenn., 522.

3. **SAME.** **Same.** **Same.** **Judgment.** **Reviewed how.**

The only method to obtain a review of the finding of the juvenile
court that a child is incorrigible, is by petition for **certiorari,**
to the circuit court. Such judgment is not subject to collateral
attack by **habeas corpus** proceeding, injunction suit, criminal
prosecution or otherwise. (Post, p. 86.)

4. **HABEAS CORPUS.** **Illegal restraint.** **Incorrigible child.**

The judgment of juvenile court that child is incorrigible, is not re-
viewable by **habeas corpus,** the remedy being by **certiorari** to
circuit court. (Post, p. 87.)

---

*As to jurisdiction of regular courts enlarged to cover matters em-
braced in juvenile legislation, see 7 R. C. L. 981; 2 R. C. L. Supp. 484.

*Headnotes 1.  Criminal Law, 17 C. J., section 3361; 2.  Infants,
31 C. J., section 229 (Anno.); 3. Infants, 31 C. J., section 229 (Anno.);

4. Infants, 31 C. J., section 229 (Anno.); 5. Infants, 31 C. J., section 229 (Anno.).

---

## FROM MEIGS.

---

Appeal in error from Circuit Court of Meigs County.— HON. J. T. RAULSTON, Judge.

W. F. JEWELL, and G. C. HARRIS, for plaintiff in error.

C. L. CORNELIUS, Attorney-General, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiffs in error were found guilty of petit larceny. The punishment of Wiggins was fixed at two years in the Penitentiary. Fugate was fined $50 and given a sentence of thirty days in the county jail. Powers was fined $25 and given a sentence of ten days in the county jail. All the parties appealed in error to this court. Pending the appeal Wiggins died. The case will, therefore, be abated as to him.

No bill of exceptions was preserved and the errors here assigned in behalf of Fugate and Powers relate solely to the action of the trial Judge in overruling pleas in abatement filed by these two defendants below.

There appears in the transcript an order of the juvenile court of Meigs county as follows:

"STATE OF TENNESSEE, )
　　　　　v.　　　　　　)
"WALTER POWERS, )
"ERSEL (ERBY) FUGATE.)

"Hearing that these parties claim to be under sixteen years of age, I have caused said parties to be brought before the juvenile court of Meigs county, and after investigation of said matter I find that said parties, if under sixteen years of age, which is in doubt, are incorrigible and incapable of reformation, and dangerous to the welfare of the community, and should be put upon trial in the circuit court upon above charge. The clerk of this court will certify a copy of this order to the circuit court of Meigs county, Tennessee.

　　　　　　　　　　　"T. T. BLEVINS,
　　　　　"Judge Juvenile Court, Meigs County.
"Attest:
　　　　"GEORGE C. MCKENZIE,
　　　　　　Clerk."

The plea in abatement filed below in behalf of Fugate is as follows:

"Comes the defendant by his attorney and for plea says; that at the time of the alleged commission of the offense with which defendant is charged, he was only fifteen years of age, and an affidavit is hereto attached verifying said plea. Wherefore defendant pleads his infancy to the jurisdiction of this court."

A plea exactly similar was filed in behalf of defendant Powers below, setting out that he was only fifteen years of age.

The record recites that each of these pleas was overruled "because it appeared the defendant had been certified as an incorrigible as provided by Statute."

It will be observed that the only point made by these pleas is that the boys were under sixteen years of age, and that the criminal court was without jurisdiction to proceed against them.

Conceding the pleas to be true, it appears from the finding of the juvenile court that the boys were incorrigible, and such a finding justified the juvenile court in turning them over to the criminal court and the latter court in assuming jurisdiction of the charges against them. Chaper 58 of the Acts of 1911. It was a matter within the jurisdiction of the juvenile court to determne whether the boys were incorrigible and such a question could not again be litigated in the criminal court after the cases were transferred to the latter tribunal as was done herein. *State ex rel.* v. *West,* 139 Tenn., 522. This matter was *res adjudicata.*

This court has been at pains to outline the practice under chapter 58 of the Acts of 1911 establishing the juvenile court. *State* v. *Bockman,* 139 Tenn., 422; *Jones* v. *State ex rel.,* Ibid., 547.; *Juvenile Court of Shelby County* v. *State ex rel., Ibid.,* 549; *Kilgrow* v. *West, Ibid.,* 517; *State ex rel.* v. *West, Ibid.,* 522.

From these authorities it is plain that the only method of obtaining a review of the finding of the juvenile court, that plaintiffs in error were incorrigible, was by a petition for *certiorari* to the circuit court of Meigs county. Such a judgment of the juvenile court is not subject to collateral attack in a *habeas corpus* proceeding, injunction suit, criminal prosecution or otherwise.

Some criticism is made in the brief upon the manner of the proceeding in the juvenile court. No such points were made by the pleas in abatement. Neither was any effort made to preserve the proceedings in the juvenile court. Nothing is before us except the order of that court finding the boys incorrigible and transferring the cases against them to the criminal court of Meigs county. There is nothing to show that the parents of the boys were not present at the hearing before the juvenile court so as to waive any lack of statutory notice. *Juvenile Court of Shelby County* v. *State ex rel, supra.* In fact so far as this record discloses, proceedings before the juvenile court may have been entirely regular. Nothing has been saved from that hearing except the order above referred to, and while that order is informal, it is not so defective as to be void.

The judgment below is affirmed.