CLIFFORD CARVER, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

398 S.W.2d 719.

(*Nashville*, December Term, 1965.)

Opinion filed January 14, 1966.

J. H. RENEAU, III, RENEAU & RENEAU, Celina, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and THOMAS E. FOX, Assistant Attorney General, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

The plaintiff in error, Clifford Carver, was convicted of unlawfully possessing intoxicating liquors and was sentenced to serve sixty days in the Macon County Jail, and to pay a fine in the amount of $250.00. After his motion for a new trial was overruled, he appealed to this Court and assigned four errors, which will not be considered because of the disposition we now make of this case.

At the Bar of the Court, counsel for the plaintiff in error suggested the death of Carver during the pendency of the appeal. If his sentence consisted only of a jail term, any consideration of the merits of this case would be obviously moot. But, with the addition of a fine assessed against him, consideration of the merits is rendered moot only if we find that his estate is not liable for the fine.

Thus, counsel for Carver and the State have agreed that the only matter remaining for the decision of the Court is the question of liability of his estate for the payment of the assessed fine of $250.00, together with the court costs.

This question has never been dealt with by this Court in detail, although there is a bare statement in *Wiggins et al. v. State,* 154 Tenn. 83, 289 S.W. 498 (1926):

All the parties appealed in error to this court. Pending an appeal, Wiggins died. The case will, therefore be abated as to him. 154 Tenn. at 84, 289 S.W. at 499.

484

■ Abatement, in the sense of the common law, is an entire overthrow or destruction of the suit, so that it is quashed and ended. At common law, a suit, when abated, is absolutely dead. *Witt v. Ellis et al.,* 42 Tenn. 38, 40-41. Although neither of the aforesaid cases held specifically that the suit was abated *ab initio,* we believe this is the only common sense construction to place on the word abate as used therein. In Webster's International Dictionary (3rd ed. 1961), the word "abatement" is defined:

> The act or process of abating or the state of being abated; * * * seeking termination of the proceedings of an action by reason of some formal defect.

■ In 15 Am.Jur., Criminal Law sec. 553, it is stated that as a general rule, though not one without exception, a judgment imposing a fine and imprisonment in a criminal case abates on the death of the defendant pending a writ of error, and the fine cannot be enforced against his estate.

To the same effect is the case of *Bagley v. State of Florida,* Fla.App., 122 So.2d 789, 83 A.L.R.2d 860 (1960). Bagley, who was convicted of a felony, died before his case was finally disposed of by the appellate court. Upon the fact of death being made known to the court, the Attorney General of Florida filed a motion to abate, *ab initio,* the proceedings on appeal and those in the trial court as well. The abatement was resisted by the estate of the deceased for several reasons; one being that the abatement would operate to deprive the estate, relatives and friends, of the deceased defendant of whatever comfort or benefits they might have derived from the decision of the court.

The Florida court was concerned as to whether or not the abatement should include the proceedings in the trial court and said that in a large number of the cases reviewed the decisions do not indicate whether the criminal prosecution was abated *ab initio,* or only on the appeal.

The Iowa Supreme Court in the case of *State v. Kriechbaum,* 219 Iowa 457, 258 N.W. 110, 96 A.L.R. 1317 (1934), held that in such a case there is no unsuccessful party, nor a successful one. The court said:

> Defendant's right of appeal inhered in the prosecution from the beginning. His right of appeal was as inviolable as any right of defense. Also his right of suspension of the judgment of the trial court until after the appeal had been heard. The judgment below could not become a verity until the appellate court made it so by an affirmance. If the appeal had been sustained, all the proceedings in the trial below would fall. The question of the defendant's guilt was therefore necessarily undetermined at the time of his death. 258 N.W. at 113.

The court then held that the death of the defendant abated the action as well as the mere appeal and the court defined the word "abate" as meaning to render nonexistent.

In the case at bar, it is obvious that death withdrew the defendant from the jurisdiction of the Court. It left no apportionment of jurisdiction in the trial court or this Court. The action herein must, therefore, be deemed as abated in toto or not at all.

The subject at hand is fully annotated in 83 A.L.R.2d 864, and the annotater says that:

Although there is some authority reaching a contrary result, most of the few courts which have considered the matter have recognized the rule that the death pending appeal of a defendant convicted of a criminal offense abates not only the appeal, but likewise all proceedings had in the prosecution from its inception.

Cases from California, Colorado, Florida, Idaho, Indiana, Iowa, Missouri, and a number of decisions of the Supreme Court of Oklahoma, are cited in support of this general statement.

One of the cardinal principles and reasons for the existence of criminal law is to punish the guilty for acts contrary to the laws adopted by society. The defendant in this case having died is relieved of all punishment by human hands and the determination of his guilt or innocence is now assumed by the ultimate arbiter of all human affairs.

Based upon our investigation of the applicable law and what we believe to be the proper sense of justice, we hold that all proceedings in this case against Carver are abated *ab initio*.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.