UNITED STATES of America, Plaintiff,

v.

David Eugene MORTON, Defendant.

No. 78–35Cr(B).

United States District Court,
E. D. Missouri, E. D.

Feb. 20, 1980.

Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

James M. Martin, Rau & Martin, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

REGAN, District Judge.

This matter is before the Court on motion of the Government to satisfy defendant's fine judgment from the $5,000 cash deposited for bail bond security, and on motion of James M. Martin, defendant's trial counsel, to transfer said cash bond deposit to him.

Following his June 5, 1978 conviction on four counts of interstate transportation of stolen motor vehicles and one count of conspiracy to transport stolen motor vehicles, defendant was sentenced to a term of imprisonment and fined an aggregate of $5,000 to be collected on execution. Theretofore, defendant had executed an appearance bond in the sum of $50,000 and deposited in the registry of the Court the sum of $5,000 as security pursuant to 18 U.S.C., Section 3146(a)(3).

Defendant filed a timely notice of appeal on June 26, 1978. Subsequently, he filed an affidavit of indigency and was granted leave to proceed on appeal in forma pauperis. Shortly thereafter, the Government filed a motion pursuant to Rule 38(a)(3), F.R.Cr.P. to require the defendant, pending appeal, to deposit in the registry of this

Court, the amount of the fine of $5,000, and "to ensure compliance", the motion requested a further order directing the Clerk of the Court to hold the $5,000 cash bail theretofore deposited by defendant as security for the payment of the fine "without otherwise disturbing the conditions of the appearance bond on appeal." An order was subsequently entered directing the Clerk to hold the $5,000 cash bail as security for the payment of the fine.

Several months earlier, prior to the trial, counsel for defendant had filed a document signed by defendant entitled "Contract and Assignment of Bond to Secure Attorneys Fees." Therein it is recited that defendant has retained as counsel the law firm of Rau and Martin to represent him in the district court and "has agreed to an initial retainer fee of $10,000.00." The document further recites that defendant "hereby assigns over to the firm of Rau and Martin, Attorneys at Law, an interest in the cash bond totalling $5,000.00 . . . to secure attorneys fees to the firm of Rau and Martin."

Defendant's appeal, on which he was represented by James M. Martin (by appointment of the Court of Appeals) proved unsuccessful. Equally without success was defendant's petition for a writ of certiorari to the United States Supreme Court which was denied May 14, 1979. Following the denial of certiorari, defendant was incarcerated at a federal correctional institution where he died on July 4, 1979.

█ It is well settled that if a convicted defendant dies during the *pendency* of his appeal the entire proceeding abates ab initio. *Crooker v. U. S.*, 325 F.2d 318 (8 Cir. 1963); *U. S. v. Fairfield*, 526 F.2d 8, 9 (8 Cir. 1975); *Durham v. U. S.*, 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200; *Pipefitters Local No. 562 v. U. S.*, 407 U.S. 385, 400, 92 S.Ct. 2247, 2257, 33 L.Ed.2d 11. We note that in *Dove v. U. S.*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531, the Supreme Court, in dismissing a petition for certiorari, overruled *Durham* "to the extent . . . [it] may be inconsistent" with the ruling in *Dove.* It is held in *U. S. v. Bechtel*, 547 F.2d 1379 (9 Cir. 1977), that *Dove* controls

only the disposition of petitions for writs of certiorari and does not overturn the general rule respecting the effect of death on a pending appeal. However, whatever may be the correct construction of *Dove*, there can be no question but that once Morton's petition for certiorari was denied, all avenues of direct appeal were closed, so that in no event could his *prosecution* have been abated by his death.

The present controversy is solely between the Government and James M. Martin. No one else claims an interest in the cash deposit. It is the initial position of movant Martin that unlike other money judgments the judgment of fine did not survive the death of defendant, with the result that there no longer is a judgment which the Government is entitled to collect after defendant's death. We find no appellate decision in point on this precise question. *Crooker v. U. S.*, supra, discusses for the Eighth Circuit the effect of a defendant's death which occurs during the *pendency* of his appeal and is authority only for the proposition that inasmuch as such death abates *all* proceedings in the case from its inception, the judgment of fine (which had not been collected) was also necessarily abated. So, too, *U. S. v. Dunne*, 173 F. 254 (9 Cir. 1909) simply held that the death of the defendant during the *pendency* of his appeal abated the entire cause, including the judgment.

The case most frequently cited is *U. S. v. Pomeroy*, 152 F. 279 (C.C.N.Y.1907), reversed in 164 F. 324 (2 Cir. 1908) without ruling the issue. *Pomeroy* (in 152 F. 279) held, on motion of his executrix, that a judgment of fine imposed against the defendant may not be collected *from his estate.* There are dicta in other cases to the same effect. Thus, in *U. S. v. Jacob Schmidt Brewing Co.*, 254 F. 714 (D.C.N. Dak., 1918), holding that a judgment of fine does not bear interest, the court started by way of dictum that such judgments "do not survive the death of the party against whom they are entered, *so as to be a charge against his estate.*" And, in *Dyar v. U. S.*, 186 F. 614 (5 Cir. 1911), the Court held that

where the defendant had, pending his appeal, deposited in the registry of the Court, without prejudice, the amount of the fine (in order to be able to transfer a clear title to real estate), his subsequent death abated the fine, particularly since the conviction had been *reversed*.

In the instant case, the Government makes no claim that the judgment of fine is a charge against defendant's estate, if any. It is not attempting to collect the fine from his estate. And, as noted supra, the contest is not with defendant's estate. Rather, it is with another claimant to the fund. Of importance is the fact the Court had ordered the Clerk to hold the cash deposit as security for the payment of the fine in lieu of requiring defendant to physically deposit the amount thereof. The order was entered under Rule 38(a)(3). The defendant was thus enabled to remain free on the original bond, while at the same time, the Government was assured that the fine would be collected out of the deposit. Had it chosen to do so, the Government could have collected the fine out of the deposit prior to Morton's death, so that defendant would have been required to make another cash deposit or furnished other security in order to remain at liberty from July 1978 to May 1979. It is doubtful whether defendant could have done so, in view of his affidavit of indigency.

■ In our judgment, the order requiring the Clerk to hold the deposit as security for the payment of the fine was the equivalent of an equitable garnishment. Cf. *Bank of Hawaii v. Benchwick*, 249 F.Supp. 74, 78 (D.C.Hawaii 1966). After the entry of the Court's order, the Clerk was holding the deposit for the Government, so that once the appeal process terminated, the Government was entitled to the money. And, as we have noted, the Government is claiming a specific fund which had prior to defendant's death been set aside and in effect seized to secure the payment of the fine, rather than attempting to effect collection from general assets of defendant's estate. None of the equitable considerations adverted to in *Crooker* and in *Pomeroy* (e. g.

punishing the defendant's family after his death) are here present to impel a different result.

Movant Martin, in his affirmative claim to the fund, contends that by virtue of the Contract and Assignment filed prior to the trial, his right is superior to that of the Government. We do not agree. Initially, we note that the contract is with the *firm* of Rau and Martin and that Rau has not joined in the motion. We further note that the contract provides for "an initial retainer fee of $10,000." Movant makes no contention that the "retainer" fee was not paid. In fact, he makes no allegations whatever respecting any payments to him or his firm. And finally, the document does not purport to assign the deposit as such. Instead, what is assigned to the firm is *"an interest"* in the cash bond in order to secure attorney fees. There is an entire want of any allegation in the motion as to what fees, if any, were agreed upon and are actually owing to the firm or what "interest" in the cash bond was agreed upon. The ambiguous "assignment", although sworn to, was not acknowledged by defendant and was never submitted to or approved by the Court.

■ In addition to the foregoing deficiencies, we believe that movant is equitably estopped to claim a priority interest in the cash deposit. With full knowledge that the Government had moved under Rule 38(a)(3) FRCrP to require defendant to deposit the amount of the $5,000 fine in the registry of the Court pending his appeal, and to direct the Clerk to hold the $5,000 cash deposit as security therefor, movant Martin interposed no objection thereto. Had he *then* asserted a claim to the deposit, the defendant would have been required either to deposit another $5,000 in cash or be incarcerated. Since defendant was allowed to prosecute his appeal in forma pauperis with movant as his attorney, the Government's concern respecting defendant's ability to pay the fine was well grounded. By reason of movant's conduct and his silence, his client was thus permitted to remain at liberty for about a year while pursuing the appeal which movant

was prosecuting on defendant's behalf. For all the foregoing reasons, movant is not entitled to the cash deposit as against the right of the Government thereto.

It follows that the motion of James M. Martin for an order directing the Clerk to transfer the cash deposit to him should be and is hereby overruled. It is further ordered that the motion of the Government to satisfy defendant's fine judgment from the cash deposited by defendant be and the same is hereby sustained and the Clerk is hereby ordered to pay said sum of $5,000 on deposit in the registry of the Court to the Government.