UNITED STATES of America Claimant
Against the Estate of Jimmie Noel,
Jr., Deceased, Appellant,

v.

Frederick Anthony NOEL, Administrator
of the Estate of Jimmie Noel, Jr.,
Deceased, Appellee.

Court of Appeals of Tennessee,
Western Section.

Sept. 12, 1980.

Permission to Appeal Denied by
Supreme Court Jan. 5, 1981.

W. J. Michael Cody, U. S. Atty., Devon L. Gosnell, Asst. U. S. Atty. Memphis, for appellant.

Stanley Fink, Memphis, for appellee.

OPINION

LLOYD TATUM, Special Judge.

The United States has appealed from a judgment of the Probate Court of Shelby County, denying a claim against the estate of Jimmie Noel, Jr., deceased. The Government's claim is based upon a judgment imposing a fine that has not been paid. The Probate Court held that the penal judgment abated upon the death of Jimmie Noel, Jr., and sustained the administrator's exception to the Government's claim. On this appeal, the Government insists that the Probate Court did not have authority to abate the judgment of a Federal Court and that the judgment imposing the fine did not abate. After considering the issues, we affirm the judgment of the Probate Court.

The deceased, Jimmie Noel, Jr., was convicted in the United States District Court for the Western District of Tennessee for the violation of federal narcotics laws. On appeal by Noel to the United States Court of Appeals, the judgment of conviction was affirmed on April 24, 1979. Noel petitioned the United States Supreme Court for the writ of certiorari but died on September 23, 1979, before the application for certiorari was denied on October 1, 1979. The fine was not paid during the lifetime of the deceased, and the Government filed its claim in the Probate Court against his estate. As stated, the Probate Court denied the claim for the unpaid fine.

The question before us is whether this judgment for an uncollected fine is a valid claim against the estate of a deceased person. Though the petition for certiorari had not been acted upon by the United States Supreme Court at the time of Noel's death, we do not consider the question of whether the deceased has exhausted his appellate remedies to be determinative.

The leading case on this question, which is frequently cited, is United States v. Pomeroy, 152 F. 279 (C.C.S.D.N.Y.1907). In that case, the deceased was sentenced to pay a fine of $6,000.00 after conviction for the violation of the Interstate Commerce Act. He died after entry of the final judgment without pursuing an appeal. In holding that the judgment and all other proceedings in the case were abated by the death of the defendant, the court said:

"Upon the whole there is in my opinion no satisfactory authority controlling this case. It must therefore be decided on fundamental principles. In my opinion the fundamental principle applicable to this case is that the object of criminal punishment is to punish the criminal, and not to punish his family. When A. recov-

ers a judgment against B. for a tort, the recovery is undoubtedly based on the defendant's misconduct; but the fundamental principle upon which the action is maintained is the idea of compensating the injured party; but, when a court imposes a fine for the commission of a crime, there is no idea of compensation involved. In this case the defendant was fined $6,000. That money was not awarded as compensation to the United States. No harm had been done to the United States. It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense. It may be said, of course, that there is very little difference between the loss which his family would have sustained if the money had been collected before his death, and the loss which it will now sustain if it is collected from his estate. But if the money had been collected before his death, he would have been punished. If it is collected now, his family will be punished, and he will not be punished. In my opinion, therefore, this prosecution should be deemed ended and this judgment abated by the defendant's death." *Id.*, at 282.

The overwhelming majority of other jurisdictions, both State and Federal, adhere to the above reasoning of the court in the *Pomeroy* case. *Crooker v. United States,* 325 F.2d 318 (8th Cir. 1963); *Dyar v. United States,* 186 F. 614 (5th Cir. 1911); *United States v. Morton,* 484 F.Supp. 1249 (D.C. 1980); *Rogers v. State,* 156 Ind.App. 180, 295 N.E.2d 840 (1973); *State v. Blake,* 53 Ohio App.2d 101, 371 N.E.2d 843 (1977). Most of the reported cases deal with situations where the defendant dies pending his appeal, but no valid distinction can be made in cases where a judgment is final and when an appeal is pending. If it is unconscionable to enforce a judgment for a fine when a defendant dies before appellate process is exhausted, it is equally unconscionable to permit a revival of a final

judgment when it has not been satisfied during the lifetime of the convict. We agree with the Supreme Court of Pennsylvania in the case, *In Re Estate of Stauch,* 451 Pa. 288, 301 A.2d 615, 616–617 (1973):

"In Com. to use of *Bradford County v. Embody,* 143 Pa.Super. 354, 17 A.2d 620 (1941) the Superior Court was confronted with the exact situation now before this court. In a well reasoned opinion by Judge Stadfeld, speaking for a unanimous court, it was held that a fine abates upon the death of the defendant and cannot be enforced against his estate whether or not the judgment of sentence had become final at the time of death. Quoting from an Oklahoma decision, the court said:

'The reason for the rule has been stated as follows: "In a criminal action the sole purpose of the proceedings is to enforce the criminal law and punish the person found guilty of a violation thereof. The personal representative of the deceased is not responsible for the alleged violation of the law by the defendant during his lifetime, and cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist." ' [citations omitted]."

In *Carver v. State,* 217 Tenn. 482, 398 S.W.2d 719 (1966), our Supreme Court was considering a direct appeal from a criminal conviction where the defendant died pending the appeal. The Court considered whether the death of the defendant rendered the appeal moot and observed at the outset that if the estate is liable for a fine, consideration of the appeal on its merits would not be moot. The court, in holding the appeal moot and the judgment for the fine abated by the defendant's death, said:

"One of the cardinal principles and reasons for the existence of criminal law is to punish the guilty for acts contrary to the laws adopted by society. The defendant in this case having died is relieved of

all punishment by human hands and the determination of his guilt or innocence is now assumed by the ultimate arbiter of all human affairs." *Id.*, 398 S.W.2d at 720.

The Government in the instant case insists that the Probate Court did not have "authority to abate a criminal fine imposed upon a decedent during his lifetime by a federal court." The word "abate" means "to render nonexistent." *Carver v. State, supra.* The above-cited federal cases hold that a judgment for a fine is abated by the convict's death. The death of Jimmie Noel, Jr., not the Probate Court of Shelby County, abated the judgment for the fine. The Probate Court properly refused to allow the judgment, which had been abated or rendered nonexistent, as a valid claim against the estate.

We hold that the death of Jimmie Noel, Jr. abated the unsatisfied judgment for the fine, and we affirm the judgment of the Probate Court.

Costs are adjudged against the United States.

SUMMERS and EWELL, JJ., concur.