**Danny M. OWENS, et al.,
Plaintiffs/Appellees,**

v.

**STATE of Tennessee,
Defendant/Appellant.**

Supreme Court of Tennessee,
at Jackson.

May 12, 1986.

Thomas B. Avery, Ed Mullikin, Valerie Futris, Memphis, for defendant/appellant.

Robert S. Gilder, Steven G. Roberts, Southaven, Arch B. Boyd, Memphis, for plaintiffs/appellees.

## OPINION

HARBISON, Justice.

The question to which review was limited in this Court is whether a criminal fine bears interest in the absence of a statute specifically authorizing it. The Court of Appeals held that interest does not accrue on such a fine. We affirm.

In 1983 a criminal fine in the amount of $200,000 was assessed against a corporation for violation of state obscenity statutes, T.C.A. §§ 39-6-1104 et seq.

The alleged sole stockholder of the corporation filed this civil action to exonerate certain assets claimed to be owned by him personally. He sought to prevent execution on these assets by the State. The State counterclaimed against the individual, asserting that he was personally liable for the fine since the corporation was a mere shell, wholly dominated and controlled by him.

The Chancellor sustained the contentions of the State, which were affirmed on appeal. Judgment was imposed upon the individual owner of the stock and a purported transfer was set aside. In rendering judgment, the Chancellor allowed interest on the criminal fine from the date it was imposed in the criminal court until rendition of the chancery judgment. The Court of Appeals disallowed the interest, and this Court granted review to give further consideration to the issue, which is one of first impression in this state.

■ Judgments did not bear interest at common law, and the allowance of interest

upon them depends entirely upon statute. *Pierce v. United States,* 255 U.S. 398, 406, 41 S.Ct. 365, 366, 65 L.Ed. 697 (1921) (disallowing interest upon a criminal fine when statute applied only to civil cases); *United States v. Jacob Schmidt Brewing Co.,* 254 F. 714, 715 (D.N.D.1918) (same).

In this state there are general statutes allowing interest on judgments. These statutes are contained in Title 47, Tenn. Code Ann., dealing with commercial instruments and transactions.

T.C.A. § 47–14–121 provides:

"Interest on judgments, including decrees, shall be computed at the effective rate of ten percent (10%) per annum, except as may be otherwise provided or permitted by statute; provided, however, that where a judgment is based on a note, contract or other writing fixing a rate of interest within the limits provided in § 47–14–103 for that particular category of transaction, the judgment shall bear interest at the rate so fixed."

Tennessee has a separate system of equity and law courts, but they have substantial concurrent jurisdiction. The term "decree" under prior practice traditionally referred to a judgment entered in an equity case. Courts of chancery generally do not have jurisdiction in criminal cases.

Under present civil practice the term "judgment"

"... includes a decree and any order from which an appeal lies." T.R.C.P. § 54.01.

T.C.A. § 47–14–122 provides:

"Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial."

T.C.A. § 47–14–123 allows pre-judgment interest as an element of or in the nature of damages when permitted by statutes or common law.

It is apparent that all of these statutes basically deal with judgments and decrees in civil actions, not with fines imposed for violation of the criminal code.

That code itself, however, contains a separate chapter dealing with the subject of fines. *See* Title 40, Ch. 24, Tenn.Code Ann.

None of the statutes contained in that chapter make any reference to interest accruing on a fine. There are provisions in T.C.A. § 40–24–101 dealing with the payment of a fine when rendered, at some other date, or in installments.

T.C.A. § 40–24–104 deals with the nonpayment of fines and provides for their remission or for imprisonment under certain circumstances.

T.C.A. § 40–24–106 provides that fines and forfeitures in felony cases and in cases involving the regulation of the banking business constitute state revenue and are to be paid into the treasury of the state. All other fines and forfeitures go to the county in which the indictment was returned.

T.C.A. § 40–24–105 deals with the collection of fines and costs as follows:

"(a) Unless discharged by payment or service of imprisonment in default of a fine, a fine may be collected in the same manner as a judgment in a civil action.

"(b) Costs may be collected in the same manner as a judgment in a civil action, but shall not be deemed part of the penalty, and no person shall be imprisoned under this section in default of payment of costs.

"(c) The district attorney general or the county or municipal attorney, as applicable, may, in his discretion, and must, upon order of the court, institute proceedings to collect said fine as a civil judgment in the court of appropriate jurisdiction."

It could perhaps be argued that since fines may be collected in the same manner as judgments in civil actions, then they should be treated as such judgments for all purposes. This, however, has not been the general interpretation of the nature of fines in this state.

In *Carver v. State,* 217 Tenn. 482, 398 S.W.2d 719 (1966) it was held that the

death of the defendant resulted in the abatement of an unpaid fine. The Court cited a number of authorities from other states to that effect and stated:

"One of the cardinal principles and reasons for the existence of criminal law is to punish the guilty for acts contrary to the laws adopted by society. The defendant in this case having died is relieved of all punishment by human hands...." 217 Tenn. at 486, 398 S.W.2d at 720.

In the case of *United States v. Noel,* 609 S.W.2d 740 (Tenn.App.1980) this rule was followed, and it was held that even though the fine was imposed by the United States Government, rather than the state government, it did not survive the death of the defendant and could not be asserted as a claim against his estate.

This, of course, is different from the rule in most civil cases. T.C.A. § 25–4–104 provides that a judgment or decree may be revived by or against the heirs of a deceased plaintiff or defendant in the same manner and under the same circumstances as pending suits are revived under T.C.A. § 20–5–104. The latter is a general revival statute, and is immediately preceded by T.C.A. § 20–5–103, providing for the survival of tort claims upon the death of the tort-feasor, except in actions for wrongs affecting the character of the plaintiff. *See* Note, "The Abatement of Criminal Fines upon Death of Defendant: Punishment, Precedent, and Policy," 11 Mem.St.L. Rev. 67 (1980).

■ Since the state does not have a specific statute authorizing the accrual of interest upon a criminal fine, we are of the opinion that the Court of Appeals correctly concluded that such interest is not allowable. There is not a great deal of authority upon the subject, but this is the general rule in the absence of an authorizing statute. In addition to cases previously cited, *see People v. Sutter Street Ry. Co.,* 129 Cal. 545, 62 P. 104 (1900); *State ex rel. Jones v. Howe Scale Co.,* 203 Mo.App. 350, 218 S.W. 359 (1920); *State v. Steen,* 14 Tex. 396 (1855); *see generally* 45 Am.

Jur.2d, *Interest and Usury,* § 60 (1969); 36A C.J.S., *Fines,* § 6 (1961).

The State has cited almost no authority to the contrary in the absence of a specific statute, and our research has revealed very little.

The State relies upon language appearing in *State v. Copeland,* 647 S.W.2d 241 (Tenn.Crim.App.1983) where it was held that a business enterprise seeking to appeal a large fine rendered under the obscenity statutes would be required to make a bond for stay as provided in civil cases, Rule 62, T.R.C.P. The Court stated that there were no statutes governing the collection of fines other than T.C.A. § 40–24–105 referred to previously in this opinion. It stated:

"We therefore conclude that T.C.A. § 40–24–105(a) requires application of procedural rules applicable to money judgments in civil cases, though the fines were imposed in criminal cases." 647 S.W.2d at 242.

Neither this decision nor the statute cited, however, is authority for the allowance of interest upon the amount of the fine imposed.

We agree with the State that the case of *McCreary v. First National Bank,* 109 Tenn. 128, 70 S.W. 821 (1902), cited by the Court of Appeals, is not controlling. In that case pre-judgment interest upon a civil penalty created by federal statutes was disallowed. A criminal fine was not involved.

The same is true with *United States v. West Texas Cottonoil Co.,* 155 F.2d 463 (5th Cir.1946), relied upon by the State, which dealt with interest on civil marketing penalties and involved a federal statute dealing with judgments in civil cases.

Interest is generally considered to be compensation for the use or detention of funds over a period of time. *See* T.C.A. § 47–14–102(7). This definition is not consistent with the nature of a fine, which is imposed as punishment for the commission of a criminal offense. Criminal and penal statutes are ordinarily strictly construed,

*Kimsey v. State*, 192 Tenn. 421, 241 S.W.2d 514 (1951). Since the statutes dealing with fines do not expressly authorize the accrual of interest, we are of the opinion that the Court of Appeals correctly decided the issue.

The judgment of the Court of Appeals is affirmed. Costs incident to the appeal in this Court are taxed to the State. All other costs will remain as assessed by the Court of Appeals. The cause will be remanded to the trial court for any further proceedings which may be necessary.

BROCK, C.J., and FONES, COOPER and DROWOTA, JJ., concur.