IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 29, 2001 Session

## LINDA KINARD v. JOHN ANDERSON KINARD

**Appeal from the Chancery Court for Rutherford County**
**No. 94DR-318     Robert E. Corlew, III, Chancellor**

---

**No. M2000-00674-COA-R3-CV - Filed May 10, 2002**

---

Upon remand from earlier appeal, the trial court determined (1) Husband owed Wife past due alimony without interest; (2) Husband owed Wife additional $47,933.50 on note with interest from 30 days after the entry of the Court of Appeals opinion until the amount is paid; (3) Husband was not required to release the residence as collateral on the home equity loan; (4) Husband retained ownership of the insurance policy; (5) no attorney's fees were awarded to either party. Wife filed a second appeal to dispute the decision of the trial court and to determine the date at which post-judgment interest begins to accrue, whether husband should be required to discharge the home equity loan, whether husband should be restricted in use of life insurance policy, and whether attorney's fees should have been awarded. For the following reasons, we affirm the decision of the trial court in regards to the attorney's fees, life insurance policy, and home equity loan and reverse the decision of the trial court with respect to post-judgment interest.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM B. CAIN, J., joined.

William Kennerly Burger, Murfreesboro, Tennessee, for the appellant, Linda Kinard.

Daryl M. South, Murfreesboro, Tennessee, for the appellee, John Anderson Kinard.

### OPINION

This is the second appeal involving this divorce that ended a long-term marriage. *See Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). In order to foster an understanding of all the issues on appeal, a recitation of relevant facts from both the trial court hearing and the first appeal is in order.

## I. Facts

Mr. and Ms. Kinard were married in 1964. Mr. Kinard is a pharmacist, and Ms. Kinard is trained as a school teacher although she has not worked in this profession since 1965. During the marriage, the couple bought a pharmacy which later grew to a chain of nine drugstores known as Drug Centers, Inc.

After some marital difficulties in the early 1990s, Mr. Kinard filed suit in Chancery Court for Rutherford County seeking a divorce based on irreconcilable differences and inappropriate marital conduct. Ms. Kinard counterclaimed and filed for a divorce from bed and board. Following a bench trial, the final decree was issued in 1995 declaring the parties divorced in accordance with Tenn. Code Ann. § 36-4-129(b), dividing the marital estate, and denying Ms. Kinard's request for an award of attorney's fees.

The first appeal followed shortly thereafter. Ms. Kinard raised numerous objections relating to the manner in which the divorce was granted, the division of the marital property, the spousal support award, and the trial judge's refusal to order Mr. Kinard to pay her legal expenses.

On appeal, this court ordered that a $145,952 note be restored to its face amount. The note had been made by Drug Centers, Inc. and was payable to Mr. and Ms. Kinard. The note was awarded to Ms. Kinard after the trial court reduced the amount by $47,000 to reflect a $35,000 debt Mr. Kinard owed to Drug Centers and a $12,000 advance of corporate funds used to purchase Ms. Kinard's Mercedes. *Kinard*, 986 S.W.2d at 231. On appeal we determined that the trial court erred in reducing the amount of the note awarded to Ms. Kinard when the evidence showed that the Mercedes was a gift and Mr. Kinard could produce no proof of the $35,000 debt. Because of these modifications, Mr. Kinard owed an additional $47,933.50 to Ms. Kinard. In addition, while confirming the award of the marital residence to Ms. Kinard, this court ordered Mr. Kinard to pay the home equity loan secured by the marital residence, the proceeds of which had been used by him primarily for "speculative investments" and personal use. *Id*. at 233. The trial court had awarded rehabilitative alimony of $1000 per month for thirty-six months to Ms. Kinard, but this court modified the award so that she received $2000 per month until she reached sixty-five years of age. *Id*. at 235. This court directed that the divorce decree be modified and remanded the cause to the trial court for further proceedings consistent with its opinion.

This court granted Ms. Kinard's petition to rehear to determine whether the court should reinstate Mr. Kinard's *pendente lite* obligation to maintain a $150,000 life insurance policy to ensure that his spousal support obligation would be met in the event of his death. In its order, this court stated:

> While we did not overlook the trial court's award of the existing Equitable Life Insurance Policy to Mr. Kinard, we have determined that our August 5, 1998 opinion should be modified to provide that Ms. Kinard is entitled, at her option, either to spousal support in the amount of $2000 per month with no continuing interest in Mr.

Kinard's Equitable Life Insurance Policy or to spousal support in the amount of $1800 per month along with Mr. Kinard's continuing obligation to maintain the Equitable Life Insurance Policy in effect in order to secure the payment of his spousal support obligation.

*Id*. at 236. Ms. Kinard chose to receive $1800 per month in accordance with the second option. Mr. Kinard was from that time forward under a continuing obligation to maintain the life insurance policy in order to secure the payment of his spousal support obligation.

Several months later, Ms. Kinard filed in the trial court a motion for status determination in which she raised, *inter alia*, the issues of unpaid alimony and interest, the $47,933.50 judgment plus interest, the husband's home equity loan secured by her house, and the ownership of the life insurance policy. The trial court held a hearing at which the parties testified and produced documentary evidence.

Upon hearing the proof, the trial court ordered Mr. Kinard to pay past due alimony, but did not award interest on the past due amounts. The court then ordered Mr. Kinard to pay the $47,933.50 with interest from 30 days after the date of issuance of this court's opinion until the amount was paid.[1] In his letter to counsel, the Chancellor stated:

> Although there is limited case authority suggesting that upon subsequent decision of an Appellate Court judgments rendered by Appellate Courts draw interest retroactively to the date of the entry of the judgment by the Trial Court, the court finds no equity in such a ruling in the present case. Certainly no party could have known the decision of the Appellate court until such was rendered, and it is unreasonable to expect that payment would have been previously made. The Court finds it reasonable, however, absent stay of execution or payment of judgment due into the hands of the clerk, to direct that unless the money judgment is paid within thirty days of the entry of the order, the party entitled to receive the funds is entitled to interest at the statutory rate.

The court declined to order the husband to release the residence as collateral on the loan he was ordered to pay stating, "We must contemplate that it was the intention of the Court of Appeals to require the repayment of that note according to its terms." Regarding the insurance policy, the court said, "[T]he plaintiff [Ms. Kinard] seeks an order modifying the policy of insurance, either placing the Plaintiff in the position of owner of that policy or otherwise restricting the policy. Modification in either regard is another matter which is inappropriate at this stage of the proceeding, and this request is respectfully denied."

---

[1]There was testimony at the hearing that Mr. Kinard had delivered a check for the $47,933.50 to his attorney after this court's decision. It was not delivered to Mrs. Kinard. On appeal, both sides argue the reason for and effect of both these circumstances.

On appeal, Ms. Kinard raises the following issues: (1) whether she is entitled to interest on the $47,933.50 from the date of the divorce decree to the date of payment;[2] (2) whether she is entitled to interest on unpaid alimony from the date of accrual to the date of payment;[3] (3) whether the trial court erred by not requiring Mr. Kinard to discharge the home equity loan secured by the residence awarded to Ms. Kinard; (4) whether the trial court erred by refusing to restrict Mr. Kinard's ability to pledge, cash, or otherwise defeat the life insurance policy payable to Ms. Kinard; and (5) whether Ms. Kinard should have been awarded attorney's fees. For the following reasons, we reverse the decision of the trial court with respect to post-judgment interest, and affirm the decision of the trial court with respect to the loan, life insurance policy, and attorney's fees.

## II. Post-judgment interest

We now turn to Ms. Kinard's assertion that the trial court erred on remand by declining to award her post-judgment interest from the date of entry of the original divorce decree inconsistently with the holding in *Inman v. Inman*, 840 S.W.2d 927 (Tenn. Ct. App. 1992).

A party's right to post-judgment interest is based on its entitlement to the use of proceeds of a judgment. *West Am. Ins. Co. v. Montgomery*, 861 S.W.2d 230, 232 (Tenn. 1993); *Vooys v. Turner*, 49 S.W.3d 318, 322 (Tenn. Ct. App. 2001). The purpose of post-judgment interest is to compensate a successful plaintiff for being deprived of the compensation for its loss between the time of the entry of the judgment awarding the compensation until the payment of the judgment by the defendant. *Vooys*, 49 S.W.3d at 322; *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36, 110 S. Ct. 1570, 1576, 108 L. Ed. 2d 842 (1990). Accordingly, a party who enjoys the use of funds that should have been paid over to another party should pay interest on the retained funds. *Lucius v. City of Memphis*, 925 S.W.2d 522, 526 (Tenn. 1996); *Stinnett v. Stinnett*, No. E2000-00121-COA-R3-CV, 2000 Tenn. App. LEXIS 606, at *11 (Tenn. Ct. App. Sept. 7, 2000) (no Tenn. R. App. P. 11 application filed).

The right to post-judgment interest is statutory. *Owens v. State*, 710 S.W.2d 518, 518-19 (Tenn. 1986); *Tallent v. Cates*, 45 S.W.3d 556, 563 (Tenn. Ct. App. 2000); *Bedwell v. Bedwell*, 774 S.W.2d 953, 956 (Tenn. Ct. App. 1989). Tenn. Code Ann. § 47-14-122 provides that interest "shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial." This statute is mandatory and trial courts are not free to ignore it. *Vooys v. Turner*, 49 S.W.3d at 322; *Inman v. Inman*, 840 S.W.2d at 932; *Bedwell v. Bedwell*, 774 S.W.2d at 956. The failure of a trial court's judgment or decree to

---

[2]Ms. Kinard acknowledges that she received payment of $47,933.50 plus interest for the period following this court's opinion.

[3]Although Ms. Kinard lists this as an issue, she makes no mention of interest on the unpaid alimony in her brief to this court. Similarly, Mr. Kinard makes no argument on the issue. To the extent the alimony at issue was in the same procedural posture as the additional monetary award on the loan, the same principles and result apply, except that the beginning date for computation of interest is the date the alimony payment was due.

specify post-judgment interest does not abrogate the obligation imposed by the statute. *Tallent v. Cates*, 45 S.W.3d at 563.

The effect on post-judgment interest of an appellate court decision is governed, in the first instance, by Tenn. R. App. P. 41:

> If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determination by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

In the first appeal, this court modified the trial court's judgment in several respects, the relevant change awarding Ms. Kinard an additional $47,933.50, but the appellate opinion did not give any instructions regarding post-judgment interest on this additional award. Mr. Kinard argues that Rule 41 gave this court discretion to order that the post-judgment interest run from a date other than the date of the trial court's judgment. That argument is supported by our holding in *Inman v. Inman*, 840 S.W.2d 927 (Tenn. Ct. App. 1992), wherein we interpreted Tenn. R. App. P. 41 to "mean that if the appellate court deems that its action requires that interest be computed other than as required by statute, the judgment of the appellate court should so state." *Id*. at 932. However, we exercised no such discretion at that time.

Mr. Kinard also argues that this court's silence as to when post-judgment interest began gave the trial court discretion to make that determination. However, this court has determined otherwise and has held that absent appellate court orders directing differently, the statutory interest from the date of the trial court judgment will apply. *Inman*, 840 S.W.2d at 932. *Inman* addressed exactly the issue raised by Mr. Kinard herein. In the first appeal between the parties in *Inman*, this court modified the trial court's distribution of marital property but did not provide instructions regarding post judgment interest. In the second appeal, this court determined that Ms. Inman was entitled to interest at the statutory rate from the date of the original divorce decree until paid. *Id*. at 933. This court reaffirmed the principles of *Inman* in *Wade v. Wade*, 897 S.W.2d 702 (Tenn. Ct. App. 1994), when it stated:

> [I]t is the rule in Tennessee that "when a judgment is rendered in the trial court originally or by direction from the appellate courts, the statute [Tenn. Code Ann. § 47-14-121] provides that the judgment shall automatically accrue interest at the statutory rate unless the court specifies that 'its action requires that interest be computed other than as required by statute.'" *Inman v. Alexander*, 871 S.W.2d 153, 154 (Tenn. App. 1993). This court has further held that "judgment on appeal, when recorded in the Appellate Court, stands in the place of the judgment of the Trial Court, and the legal situation is as if the judgment so recorded had been originally

rendered by the Trial Court." *Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. App. 1992). Therefore, Wife is entitled to the statutory interest on the trial court's judgment as modified by this opinion.

In *Inman v. Inman*, this court and the Supreme Court modified the trial court's division of the marital estate, and the Wife was awarded cash, real property, stocks, bonds, and a note. *Inman v. Inman*, 840 S.W.2d at 931. This court found that the Wife should be granted statutory interest on the cash award as well as principal, interest, dividends, and rent on the other assets, all from the date of the divorce decree. Wife in this case is entitled to the same consideration. Husband has enjoyed the use, control, and benefit of the marital assets that have not been transferred to Wife during this appeal.[4]

*Wade*, 897 S.W.2d at 720. Based upon these reported opinions, we cannot conclude other than that Ms. Kinard is entitled to post-judgment interest on the modification which included an additional $47,933.50 to her award at the statutory rate of 10% per annum from the date of the divorce decree in the trial court.[5] Accordingly, we reverse the decision of the trial court with respect to the post-judgment interest.

### III. Payment of Loan Secured By Residence and Ownership of the Insurance Policy

The divorce decree entered by the trial court awarded possession of the marital residence to Ms. Kinard subject to the indebtedness thereon. In the first appeal, this court affirmed the award of the residence, but directed that Mr. Kinard "should be responsible for paying the home equity loan." *Kinard v. Kinard*, 986 S.W.2d at 233. Although Ms. Kinard would prefer that the home be unencumbered, the earlier opinion of this court did not require Mr. Kinard to release it. The court simply ordered that Mr. Kinard pay the debt and the trial court interpreted that order to mean that the loan should be paid "according to its terms." We find no reversible error in that ruling.

Similarly, in this court's Order on Petition to Rehear, we allowed Ms. Kinard to elect to receive a lesser amount of spousal support and keep a continuing interest in Mr. Kinard's insurance policy as death beneficiary; we did not award Ms. Kinard an ownership interest in the insurance

---

[4]For non-cash assets, the *Wade* court also followed *Inman* by requiring the trial court to conduct a hearing to determine appropriate interest or damages to make up for loss of use of such assets. *Wade*, 897 S.W.2d at 720. *See also Beaty v. Beaty*, No. 01A01-9704-CH-00173, 1997 Tenn. App. LEXIS 622 (Tenn. Ct. App. Sept. 27, 1997) (no Tenn. R. App. P. 11 application filed) (describing the *Inman* and *Wade* holdings as to non-cash assets as damages for the loss of use and benefit under the principles of restitution.)

[5]We are not unsympathetic to the trial court's observations regarding the equity of applying post-judgment interest to a period of time before the obligation was established by appellate opinion. However, we interpret the cases discussed above as giving discretion to weigh such equities to the appellate court making the modifications and limiting that discretion to the time the modification is made. In addition, as noted throughout, the purpose of post-judgment interest is to compensate for loss of the use of the money.

policy. *Id*. at 235. In this appeal she is seeking to have restrictions placed on Mr. Kinard's ability to borrow against the equity of the policy. If we were to grant Ms. Kinard an ownership interest in the policy, it would alter the distribution of marital property. We agree with the trial court that these modifications are inappropriate in view of the finality of this court's earlier decision.

## IV. Attorney's Fees

Ms. Kinard argues that attorney's fees have been incurred in her efforts to protect her interests, and that Mr. Kinard should be ordered to pay those fees. In her first appeal Ms. Kinard requested that Mr. Kinard be required to pay her legal expenses both at trial and on appeal. We denied that relief, determining that Ms. Kinard should be responsible for her own legal fees primarily because she had received sufficient funds to enable her to pay those expenses. *Kinard*, 986 S.W.2d at 235.

We have previously determined that an award of attorney's fees is treated as alimony. *See Smith v. Smith*, 912 S.W.2d 155, 161 (Tenn. Ct. App. 1995); *Gilliam v. Gilliam*, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988). The decision to award attorney's fees lies within the sound discretion of the trial judge; *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995); *Brown v. Brown*, 913 S.W.2d 163, 170 (Tenn. Ct. App. 1994), and we will not interfere with the trial judge's decision unless the evidence preponderates against it. *Batson v. Batson*, 769 S.W.2d 849, 862 (Tenn. Ct. App. 1988). A party is entitled to attorney's fees when he or she lacks sufficient funds to pay his or her legal expenses or would be required to deplete other assets to do so. *Brown*, 913 S.W.2d at 170; *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995).

In the appeal currently before us, Ms. Kinard has asked that Mr. Kinard be held responsible for attorney's fees for activity since this court's last opinion. This request is based upon Ms. Kinard's assertion that Mr. Kinard "failed to assume the initiative required of him in effecting transfers." Ms. Kinard also asserts that the issues she raised had remained unresolved until she took action in the trial court. We see no basis for reversing the trial court's exercise of its discretion in denying Ms. Kinard's attorney fee request. She has assets to enable her to pay these fees. Additionally, an award of attorney's fees on appeal is generally inappropriate when both parties to the appeal have been partially successful. *Phillips v. Phillips*, No. M1999-00212-COA-R3-CV, 2000 Tenn. App. LEXIS 485 at *30 (Tenn. Ct. App. July 27, 2000) (no Tenn. R. App. P. 11 application filed) (citing *Storey v. Storey*, 835 S.W.2d 593, 598 (Tenn. Ct. App. 1992)). Accordingly, we affirm the decision of the trial court with respect to attorney's fees, and also decline to award such fees resulting from this appeal.

## V. Conclusion

In conclusion, we affirm the decision of the trial court with respect to the home equity loan, the life insurance policy, and the award of attorney's fees. We reverse the decision of the trial court with respect to post-judgment interest. Ms. Kinard is entitled to post-judgment interest on the

$47,933.50 award from the date of the divorce decree until the date it was paid.[6]  The costs of this appeal are taxed to equally between the parties.  The cause is remanded to the trial court for any further proceedings which may be necessary.

 

_____
PATRICIA J. COTTRELL, JUDGE

---

[6]Mr. Kinard paid Ms. Kinard $47,933.50 plus interest from the date of this court's first appellate opinion modifying the original distribution of marital property.  Thus, it appears the amount now due is for the period from the entry of the original judgment, September 7, 1995, to entry of this court's opinion, August 5, 1998.