IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2021

**ROBERT A. GRISHAM v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 112957   G. Scott Green, Judge**

——————————————————

**No. E2020-01545-CCA-R3-PC**

——————————————————

A Knox County jury convicted Robert Alexander Grisham, Petitioner, of observation without consent, unlawful photography, and especially aggravated sexual exploitation of a minor. *State v. Robert Grisham*, No. E2015-02446-CCA-R3-CD, 2017 WL 1806829, at \*11 (Tenn. Crim. App. May 5, 2017), *perm. app. denied* (Tenn. Sept. 20, 2017).  On appeal, a panel of this Court modified Petitioner's especially aggravated sexual exploitation of a minor conviction to attempted especially aggravated sexual exploitation of a minor and affirmed the two misdemeanor convictions. *Id.* at \*26.  Petitioner sought post-conviction relief alleging two claims of ineffective assistance of counsel.  The post-conviction court denied relief and Petitioner appealed.  Petitioner died while his appeal was pending.  Accordingly, we conclude that this appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Robert Alexander Grisham.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ashley McDermott, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### *Factual and Procedural Background*

A Knox County Grand Jury indicted Petitioner with three counts of especially aggravated sexual exploitation of a minor, one count of observation without consent, one count of unlawful photography, and seven counts of sexual exploitation of a minor. *Id.* at *1. Following a jury trial, Petitioner was convicted of observation without consent, unlawful photography, and especially aggravated sexual exploitation of a minor. *Id*. at *11. Petitioner received an effective sentence of nine years' incarceration. *Id.*

On direct appeal, a panel of this Court affirmed Petitioner's misdemeanor convictions but reversed and vacated his conviction for especially aggravated sexual exploitation of a minor and remanded to the trial court for entry of a judgment of conviction for attempted especially aggravated sexual exploitation of a minor and sentencing on that conviction. *Id*. at *26.

Petitioner filed a timely pro se petition for post-conviction relief raising one claim of ineffective assistance of counsel. Petitioner filed an amended petition through counsel, incorporating the original claim and raising a second claim of ineffective assistance of counsel.

A post-conviction hearing was held on October 8, 2020. The post-conviction court denied relief, and Petitioner appealed. On November 30, 2021, counsel for Petitioner filed a notice that Petitioner had died while his appeal from the denial of post-conviction relief was pending. Citing to *State v. Al Mutory*, 581 S.W.3d 741 (Tenn. 2019), counsel asserted that the appeal should proceed because "a ruling in this post-conviction appeal in [Petitioner]'s favor could potentially result in vacating his criminal convictions." On December 2, 2021, counsel for the State filed a motion to dismiss this appeal, arguing that the collateral attack on the original conviction did not survive the death of Petitioner. On December 7, 2021, counsel for the State filed the death certificate with this Court. That same day, this Court directed the parties to file supplemental briefs addressing whether the *Al Mutory* analysis extends to appeals from the denial of collateral relief.

On December 23, 2021, counsel for the Petitioner filed a supplemental brief asserting that *Al Mutory* should extend to appeals from the denial of collateral relief where the Petitioner "is seeking, through an appeal as of right, to vacate or overturn a criminal conviction." On January 13, 2022, counsel for the State filed a supplemental brief asserting that *Al Mutory* does not extend to appeals from the denial of post-conviction relief because post-conviction relief is not available to petitioners who have died.

*Analysis*

In *Al Mutory*, our supreme court overruled its decision in *Carver v. State*, 398 S.W.2d 719 (Tenn. 1966), which reaffirmed the doctrine of abatement ab initio in Tennessee. As discussed in *Al Mutory*, the doctrine of abatement ab initio evolved from considerations concerning the impossibility of punishing a deceased defendant and a defendant's right to a direct appeal from a criminal conviction. *Al Mutory*, 581 S.W.3d at 747-48. In abandoning the doctrine, the court noted that considerations surrounding restitution and victims' rights have now "expanded the purpose of the criminal justice system well beyond the 'cardinal principle[]' of 'punishment.'" *Id*. at 750 (citing *Carver*, 398 S.W.2d at 720). In recognition of this change, the court concluded "that the doctrine of abatement ab initio must be abandoned because it is obsolete, its continued application would do more harm than good, and it is inconsistent with the current public policy of this State." *Id*. The court then adopted an approach that requires the parties to "advance any interest[s] . . . that would benefit from allowing [an] appeal to continue."

Petitioner's judgments of conviction became final upon the entry of the amended judgments following this Court's direct appeal review. *Robert Grisham*, 2017 WL 1806829. Unlike a direct appeal following a conviction, the statutory rights afforded by the Post-Conviction Procedure Act are not constitutionally required. *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005). Thus, the interests surrounding dismissal of an appeal of the denial of collateral relief are not the same as the interests surrounding the dismissal of a conviction on direction appeal. As this Court recently observed relative to the availability of DNA testing pursuant to the Post-Conviction Procedure Act to representatives of a deceased Petitioner, "collateral attacks on a [petitioner]'s criminal judgment end[] with the death of the [petitioner]." *Est. of Alley v. State*, No. W2019-02046-CCA-R3-PC, 2021 WL 1828501, at *16 (Tenn. Crim. App. May 7, 2021), *perm. app. denied* (Tenn. Sept. 22, 2021). Further, as the State asserts, "the plain language of the Post-Conviction Procedure Act precludes posthumous relief." *See* Tenn. Code Ann. § 40-30-102(a) (stating that relief is available to "a *person* in custody under a sentence of a court of this state").

Upon full consideration, we conclude that the holding of *Al Mutory* is limited to cases where a defendant dies while a direct appeal is pending and is not applicable to appeals from the denial of collateral relief. Accordingly, this appeal is dismissed.

CONCLUSION

For the foregoing reasons, this appeal is dismissed.

- 3 -

_____
TIMOTHY L. EASTER, JUDGE